UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JAMES SIMS, TERRIE SIMS, NEAL COMEAU, LILIANA COMEAU, JENIFER SIDDAL,**

  *Plaintiffs*,

v.                              Case No.  SA-22-CV-00580-JKP

**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY,**

  *Defendants*.

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' ("the Allstate Defendants") Amended Motion to Dismiss and Motion to Strike Class Allegations. *ECF Nos. 17,26*. Plaintiffs responded. *ECF No. 20*. Upon consideration, the Court concludes the Allstate Defendants' Motion to Dismiss shall be DENIED.

**Facts**

Plaintiffs James and Terrie Sims purchased a homeowner's policy from Allstate Fire and Casualty Company, Plaintiffs Neal and Liliana Comeau purchased a homeowner's policy from Allstate Vehicle and Property Company, and Plaintiff Jenifer Siddall purchased a homeowner's policy from Allstate Indemnity Company. Each of the Plaintiff parties incurred damage to their home and submitted claims for coverage to the Allstate Defendants. The parties do not dispute

the damage to each property is covered under each policy. The dispute arises in how the Allstate Defendants calculate the initial payment to the insureds for the covered loss.

The parties do not dispute Plaintiffs policies are replacement cost insurance policies, under which there is a two-step process for recovery of loss payments. First, the Allstate Defendants pay an insured the actual cash value (ACV) of the insured loss when it is damaged or destroyed. Second, if the insured chooses to complete repairs or replacement of the subject property, they may then seek reimbursement for the actual cost of repairs under the replacement cost value provisions of the Policy. The parties do not dispute Plaintiffs' Policies provide the ACV payment may include a deduction for depreciation, and the Policies do not provide a specific definition of ACV or depreciation. In each of Plaintiffs' losses, the Allstate Defendants calculated their initial ACV payments by estimating the cost to repair or replace the damage with new building materials and then subtracted depreciation for both the cost of materials and the cost of labor.

Plaintiffs allege the Allstate Defendants incorrectly calculated the initial ACV payment by deducting depreciation for the anticipated labor cost. Plaintiffs contend the Policy language is ambiguous, by omission, by failing to define ACV specifically to disclose the Allstate Defendants' practice of calculating the ACV payment by deducting depreciation of anticipated labor costs.

The Allstate Defendants contend Plaintiffs' theory that they breached the Policies by depreciating labor when calculating ACV of damaged insured property is based on Plaintiffs' unreasonable interpretation of the Policies. The Allstate Defendants contend Plaintiffs' interpretation allows insureds to receive the full amount estimated for all labor costs for repairing property before the insureds have incurred that cost and even if they decide to not repair the damaged

property. This conflicts with the policy language, Texas case law, and the ordinary dictionary meaning of the terms actual cash value and depreciation. Plaintiffs' Policies are replacement cost insurance policies where Plaintiffs will receive the actual cash value of their insured property when it is damaged or destroyed by a covered loss. If Plaintiffs make the repairs or replacements, they will receive reimbursement up to the policy limits for the full amount of costs expended in making the repairs or replacements, less the ACV amount they already received. Thus, the Allstate Defendants contend their practice of calculating the ACV payment is in accordance with the Policies' plain terms, and therefore, is not ambiguous.

Plaintiffs brought this action asserting a cause of action for breach of contract and seek declaratory relief stating the applicable insurance contracts prohibit the withholding of future labor costs as depreciation when calculating "actual cash value" of the loss. Specifically, Plaintiffs seek declaration that the Allstate Defendants breached their Policies by wrongfully reducing the initial ACV payments by depreciated labor costs. The Allstate Defendants file this Motion to Dismiss. All parties agree the Motion presents an issue of law and dispute whether the applicable Policy provisions are ambiguous.

**Legal Standard**

To provide opposing parties fair notice of what the asserted claim is and the grounds upon which it rests, every pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *See id.*; *see also Twombly*, 550 U.S. at 563 n.8. Thus, to qualify for dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief. Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

## Discussion

1. **Breach of Contract**

    a. **Parties' Arguments**

Plaintiffs contend the terms "actual cash value" and "depreciation" as stated in the insurance policy contracts are ambiguous because the Policies fail to specify how the initial actual cash value will be calculated, or otherwise specify that anticipated labor cost will be depreciated to calculate this actual cash value. Because the Policies are ambiguous, Plaintiffs contend the Policy contracts must be construed in their favor, and therefore, the Allstate Defendants may not calculate ACV by deducting depreciation of anticipated labor costs.

The Allstate Defendants contend these terms are not ambiguous. The Allstate Defendants contend their practice of calculating the ACV payment is in accordance with the Policies' plain terms, which are not ambiguous.

The Allstate Defendants also contend the Court may not consider extrinsic evidence submitted by Plaintiffs to support their defense in this Motion to Dismiss. The Court agrees. In making its determination on this Motion to Dismiss, the Court will only consider the subject insurance-policy contracts because they are referenced in the Complaint, are attached to the Motion to Dismiss, and are central to determination of the parties' arguments. The Court will not consider the evidence attached to Plaintiffs' Response.

### b. Fifth Circuit Guidance Under *Mitchell v. State Farm Fire & Cas. Co.*

The Fifth Circuit recently addressed the specific legal issue presented here upon examination of Mississippi state law regarding interpretation of contracts, in *Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700 (5th Cir. 2020). In *Mitchell*, the Fifth Circuit held the term "actual cash value" was not defined in the subject insurance policy, and both the insurance company and the insured's interpretations of the phrase were reasonable. *Id*. at 703, 707. For this reason, the Court held the subject policy was ambiguous and must be construed in favor of the insured. *Id*.

Because the parties here present the same legal issue for determination as that presented in *Mitchell*, in assessing this Motion to Dismiss, the Court must compare Texas law regarding the interpretation of contracts with the Mississippi law applied in *Mitchell*, as well as the specific Policy provisions implicated and interpreted. Should there be no relevant or determinative distinguishing points in the state law or in the subject insurance policy terms, this Court will follow the Fifth Circuit's holding in *Mitchell*.

### c. Interpretation of Contracts Under Texas Law

Insurance policies are controlled by the same rules of construction that apply to contracts generally. *Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 740–41 (Tex. 1998). In this construction, the policy should be considered as a whole to give each part effect and avoid rendering any portion inoperative or controlling. *Id*. at 741. "Under Texas law, 'undefined terms are not *per se* ambiguous'". *Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. McMurray,* 342 Fed.Appx. 956, 959 (5th Cir. 2009); *Tolar v. Allstate Tex. Lloyd's Co.*, 772 F. Supp.2d 825, 830 (N.D. Tex. 2011). Interpretation begins with the plain text, and undefined words must be given their plain, ordinary, and generally accepted meanings absent some indication of a different intent. *U.S. Metals, Inc. v. Liberty Mut. Grp.*, 490 S.W.3d 20, 23 (Tex. 2015); *Nat'l Union Fire Ins. Co. of Pittsburgh*, 342 Fed. Appx. at 959.

Determination whether a term is ambiguous is a legal question. *Richland Plantation Co. v. Justiss–Mears Oil Co.,* 671 F.2d 154, 156 (5th Cir. 1982). If the ordinary meaning of the term is susceptible to more than one reasonable interpretation, only then is the term considered ambiguous. *U.S. Metals, Inc.*, 490 S.W.3d at 23; *Nat'l Union Fire Ins. Co. of Pittsburgh*, 342 Fed. Appx. at 959. In the insurance context, if the subject contract is a standard-form policy with provisions prescribed by the Texas Department of Insurance, "the actual intent of the parties is not material," rather, any undefined words are given "the ordinary, everyday meaning of the words to the general public." *Progressive Cnty. Mut. Ins. Co. v. Sink*, 107 S.W.3d 547, 551–52 (Tex. 2003). A contract is not ambiguous merely because the parties disagree upon the correct interpretation or upon whether it is reasonably open to just one interpretation. *Sun Oil Co. (Delaware) v. Madeley,* 626 S.W.2d 726, 727 (Tex. 1981); *REO Indus., Inc. v. Natural Gas Pipeline Co. of America,* 932 F.2d 447, 453 (5th Cir. 1991). Ambiguity must be evident from the policy itself; it

6

cannot be created by external evidence of intent. *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 747 (Tex. 2006); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 342 Fed. Appx. at 959.

As shown in *Mitchell*, under Mississippi law as in Texas, if the ordinary meaning of a subject term is susceptible to more than one reasonable interpretation, the term shall be considered ambiguous and construed in favor of the insured. *Mitchell*, 954 F.3d at 705-06. Consequently, as applied in this case, to prevail on the instant Motion to Dismiss, the Allstate Defendants must show the undefined terms "actual cash value" and "depreciation" in the subject insurance policies cannot reasonably be construed under Plaintiffs' interpretation, that is to omit depreciation of labor costs. *Id*.

In Texas, "actual cash value" in the context of an insurance policy means "repair or replacement costs less depreciation." *Tolar v. Allstate Tex. Lloyd's Co.,* 772 F. Supp.2d at 830; *Ghoman v. New Hampshire Ins. Co.,* 159 F.Supp.2d 928, 934 (N.D.Tex. 2001). In Texas, "replacement costs" is defined as "any cost that an insured is reasonably likely to incur in repairing or replacing a covered loss." *Tolar v. Allstate Tex. Lloyd's Co.,* 772 F. Supp.2d at 830-31; *Ghoman,* 159 F.Supp.2d 928 at 934. As shown in *Mitchell*, Mississippi law is substantially similar, defining "Actual Cash Value" as "the cost of replacing damaged or destroyed property with comparable new property, minus depreciation and obsolescence." Miss. Code Ann. § 83-54-5(a*); Mitchell,* 954 F.3d at 704. Consistent with this definition, the insurer advised the insured that Actual Cash Value is the "repair or replacement cost of the damaged part of the property less depreciation and deductible." *Mitchell,* 954 F.3d at 704.

The Fifth Circuit's holding in *Mitchell* is dispositive because Texas law and Mississippi law are the same with regard to contractual interpretation and are substantially similar with regard to the definition and interpretation of "actual cash value". *Mitchell,* 954 F.3d at 703-05. In

7

its consideration of substantially similar pertinent case law, substantially similar policy provisions and omissions, and the indistinguishable arguments by the parties regarding interpretation of the policy provisions, the *Mitchell* Court concluded the term "actual cash value" was ambiguous in the context of the insurance policy because each party's interpretation was reasonable. Consequently, the Mitchell Court held the ambiguity must be resolved in favor of the insured. *Mitchell,* 954 F.3d at 705-07.

Because the Court finds no relevant or determinative distinguishing points between pertinent Texas law and the Mississippi law and the subject insurance policy terms analyzed and applied in *Mitchell*, this Court will follow the Fifth Circuit's holding in *Mitchell*. Following this guidance, as a matter of first impression with regard to application of the Fifth Circuit's ruling in *Mitchell* to a case arising in Texas and governed by Texas law, this Court concludes the undefined term "actual cash value" as it appears in the subject insurance policy contracts is ambiguous because each party's interpretation is reasonable. This ambiguity must be resolved in Plaintiffs' favor, that is, the term "actual cash value" in the subject Policies does not include depreciation of anticipated labor costs. *See Mitchell,* 954 F.3d at 703-07.

For this reason, Plaintiffs state a plausible cause of action for breach of contract based upon the Allstate Defendants' calculation of ACV to include depreciation of labor costs. Consequently, the Allstate Defendants' Motion to Dismiss on this basis shall be denied.

2. **Declaratory Judgment**

Plaintiffs also seek Declaratory Judgment stating: "the applicable insurance contracts prohibit the withholding of future labor costs . . . when adjusting losses. . . ." *ECF No. 14, p. 21.*

The Allstate Defendants move to dismiss this claim for Declaratory Judgment because Plaintiffs' breach of contract cause of action is meritless, and therefore, this request for declaratory relief based upon the same legal issue has no merit.

Because the Court concludes Plaintiffs state a plausible cause of action for breach of contract, this argument must fail. The Allstate Defendants' Motion to Dismiss on this basis will be DENIED.

### 3. Strike Class Allegations

In this Motion to Dismiss, the Allstate Defendants move to strike Plaintiffs' class allegations because the face of the Complaint demonstrates Plaintiffs cannot satisfy the Federal Rule 23 class action requirements.

Plaintiffs seek to define a putative class that includes similarly-situated policyholders who made a claim for damage to property located in Texas. *ECF No. 14, p. 13*.

The Allstate Defendants' Motion to strike Plaintiffs' class allegations within this Federal Rule 12(b)(6) Motion to Dismiss is premature. Courts disfavor early motions to strike class allegations, except in rare circumstances. *Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prods., Inc.*, No. 17-2161, 2018 WL 1377608, at *6 (E.D. La. Mar. 19, 2018). The Court finds no exceptions are present here.

Here, discovery has not commenced, and Plaintiffs have not yet filed a Motion for class certification. The Allstate Defendants' arguments to strike any class allegations are more appropriately resolved at class certification stage of proceedings. *See id.*; *Cone v. Sanitarios Lamosa S.A. de C.V*, No. 17-00001, 2017 WL 4532636, at *1 (E.D. Tex. Sept. 22, 2017); *Warnock v.*

*State Farm Mut. Auto. Ins. Co.*, No. 08-01, 2009 WL 10676946, at *1 (S.D. Miss. Mar. 31, 2009).

For those reasons, the Court denies the Allstate Defendants' Federal Rule 12(b)(6) Motion to Dismiss Plaintiffs' proposed class allegations.

It is so ORDERED.
SIGNED this 11th day of January, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE