UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAMES SIMS, TERRIE SIMS, NEAL COMEAU, LILIANA COMEAU, and JENIFER SIDDALL, individually and on behalf of others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, and ALLSTATE INDEMNITY COMPANY,<br><br>     Defendants. | Case No. 5:22-CV-00580-JKP<br><br>JURY DEMAND |

## ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

Defendants Allstate Fire and Casualty Company (*Allstate Fire*), Allstate Vehicle and Property Insurance Company (*Allstate Vehicle*), and Allstate Indemnity Company (*Allstate Indemnity*) (collectively, *Allstate*), by and through their attorneys, answer the First Amended Class Action Complaint (the *Amended Complaint*) (ECF 14) filed by Plaintiffs James Sims, Terrie Sims, Neal Comeau, Liliana Comeau, and Jenifer Siddall (collectively, *Plaintiffs*), individually and on behalf of others similarly situated, as follows:

### ANSWER

1.      Allstate admits that Allstate Fire, Allstate Vehicle, and Allstate Indemnity are wholly owned subsidiaries of Allstate Insurance Holdings, LLC, which is a Delaware limited liability company and a wholly owned subsidiary of the Allstate Corporation, which is a Delaware corporation. Allstate further admits that Plaintiffs purport to bring this action on behalf of a class,

but Allstate denies that a class is properly certifiable in this case under Rule 23 of the Federal Rules of Civil Procedure and denies that Plaintiffs' position is supported under Texas law. Therefore, Allstate further denies that there is an actionable "legal dispute."  The remainder of Paragraph 1 contains legal conclusions for which no response is required.  To the extent a response is required, Allstate denies all remaining allegations in Paragraph 1.

2.      To the extent Plaintiffs are stating their position, there is no allegation for Allstate to admit or deny.  Allstate denies Plaintiffs' characterization of their claims of ACV coverage. Allstate understands that Plaintiffs admit that both "labor used to make a building product" and "labor used to construct [the] building product or home" can be depreciated by Allstate as part of an ACV calculation.

3.      Deny.

4.      Allstate denies that the cases cited in Paragraph 4 are controlling authority in this Court and denies that the cases cited in Paragraph 4 apply Texas law.

5.      Allstate denies that the policies at issue in this case do not contain provisions or language that expressly allows for a structural-loss ACV-payment labor-depreciation deduction. Allstate lacks knowledge or information sufficient to form a belief about the truth or falsity of all remaining allegations in Paragraph 5, and therefore denies these allegations.

6.      Allstate admits that *Mitchell v. State Farm Fire & Cas. Co.,* 954 F.3d 700 (5th Cir. 2020) (interpreting Mississippi law) interpreted and applied Mississippi law but denies that *Mitchell v. State Farm Fire & Cas. Co.,* 954 F.3d 700 (5th Cir. 2020) (interpreting Mississippi law) has any application to this case in which Texas law is at issue and controlling.  Allstate denies all remaining allegations in Paragraph 6.

7.      Allstate admits that Plaintiffs cite to *Mitchell v. State Farm Fire & Cas. Co.,* 954 F.3d 700 (5th Cir. 2020) (interpreting Mississippi law) and refers the Court to that document for its complete contents and further denies any allegation, legal conclusion, or characterization inconsistent therewith.  Allstate denies all remaining allegations in Paragraph 7.

8.      Allstate denies that *Mitchell v. State Farm Fire & Cas. Co.,* 954 F.3d 700 (5th Cir. 2020) (interpreting Mississippi law) is dispositive and denies that Texas law and Mississippi law "are the same."  Further, Allstate denies that Plaintiffs' chart adequately or fully sets forth policy construction for insurance contracts controlled and governed by Texas law.  In addition, such case-law comparative analyses constitute pure legal conclusions to which no response is required— indeed, the opinions of the Fifth Circuit and the Texas Supreme Court speak for themselves, and Allstate denies any allegation, legal conclusion, or characterization inconsistent therewith.  To the extent any response is required, Allstate denies all remaining allegations in Paragraph 8.

9.      Allstate admits that Plaintiffs purport to bring this action on behalf of a class, but Allstate denies that a class is properly certifiable under Rule 23 of the Federal Rules of Civil Procedure.  Allstate lacks knowledge or information sufficient to form a belief about the truth or falsity of any allegation concerning the actions of putative class members, and therefore denies these allegations.  Allstate denies all remaining allegations in Paragraph 9.

10.     Allstate lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 10, and therefore denies these allegations.

11.      Allstate lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 11, and therefore denies these allegations.

12.     Allstate lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 12, and therefore denies these allegations.

13.     Admit.

14.     Admit.

15.     Admit.

16.     Allstate admits that Allstate Fire, Allstate Vehicle, and Allstate Indemnity are wholly owned subsidiaries of Allstate Insurance Holdings, LLC, which is a Delaware limited liability company and wholly owned subsidiary of the Allstate Corporation, which is a Delaware corporation.  Allstate denies all remaining allegations in Paragraph 16.

17.     Deny.

18.     Allstate admits that Plaintiffs purport to bring this action on behalf of a class, but Allstate denies that a class is properly certifiable in this case under Rule 23 of the Federal Rules of Civil Procedure, denies that Plaintiffs are similarly situated to each other, and denies that any alleged putative class member is similarly situated to either any Plaintiff or one another.

19.     Allstate admits that venue is proper in this forum, that Allstate has conducted business in the Western District of Texas, and that Allstate issues and services insurance policies to residents of the Western District of Texas.  Allstate denies all remaining allegations in Paragraph 19.

20.     Allstate admits that the Court has subject matter jurisdiction by virtue of the Class Action Fairness Act, 28 U.S.C. § 1332(d) (the *CAFA*).  Allstate denies all remaining allegations in Paragraph 20.

21.     Allstate admits that this Court has personal jurisdiction over Allstate, that Allstate has conducted business in the State of Texas, and that Allstate issues and services insurance policies covering certain structures located in the State of Texas.  Allstate denies all remaining allegations in Paragraph 21.

22.     Allstate admits that Allstate issues insurance policies to Texas residents and that Allstate has covered losses to homes or buildings pursuant to some such policies.  Allstate denies all remaining allegations contained in Paragraph 22.

23.     Allstate admits that the Amended Complaint makes allegations regarding only residential, structural damage claims for the State of Texas.  Allstate denies all remaining allegations in Paragraph 23.

24.     Allstate does not deny that it determined actual cash value based upon, at least in part, applying a replacement-costs-less-depreciation methodology to Plaintiffs' claims.  Allstate lacks knowledge or information sufficient information to form a belief about the truth or falsity of all remaining allegations in Paragraph 24, and therefore denies these allegations.

25.     Allstate admits that Allstate Fire issued a policy of insurance to James and Terrie Sims (collectively, the *Sims*), identified as Policy No. 916494566 (the *Sims Policy*), effective September 26, 2020, through September 26, 2021, in connection with real property located at 8112 Woodcliff Blvd., Selma, Texas 78154-3337 (the *Sims Property*), and Allstate refers the Court to that document for its true and complete contents and denies every inconsistent allegation or characterization.

26.     Allstate admits that it issued the Sims Policy to the Sims and that premiums were paid to maintain coverage in force during the relevant period.  Allstate lacks knowledge of information sufficient to form a belief about the truth or falsity of all remaining allegations in Paragraph 26, and therefore denies these allegations.

27.     Allstate admits that the Sims submitted a covered claim for a loss to the Sims Property purportedly occurring on April 2, 2021, which was assigned number 0621362946, and

that the damage would require repair or replacement.  Allstate denies all remaining allegations in Paragraph 27.

28.     Allstate admits that the Sims submitted a singular claim for payment before incurring any expense for repair or replacement in connection with the Sims Property.  Allstate denies all remaining allegations in Paragraph 28.

29.     Admit.

30.     Allstate admits that Allstate Fire prepared an initial estimate for the cost to repair or replace covered damage to the Sims Property and that Allstate Fire made estimated depreciation adjustments in the calculation of an ACV payment made pursuant to a reported loss to the Sims Property.  Allstate lacks knowledge or information sufficient to form a belief about the truth or falsity of allegations concerning putative class members or their respective properties.  Allstate denies all remaining allegations in Paragraph 30.

31.     Allstate admits that the Sims Policy in effect when the Sims submitted their 2021 claim did not include a "labor depreciation permissive form" as used in reference to policy forms or endorsements that distinguish (a) "labor" depreciation from undisputedly permitted materials depreciation or (b) "future labor"-costs depreciation deductions from undisputedly permitted embedded-labor-costs depreciation deductions.[1]  Allstate denies that the Sims Policy or other property forms at issue in this pleading do not permit the deduction (*i.e.* withholding) of labor as depreciation.  Allstate lacks knowledge or information sufficient to form a belief about the truth or falsity of all remaining allegations in Paragraph 31, and therefore denies these allegations.

32.     Allstate denies that the Sims Policy does not permit depreciation of labor.

---

[1] *See, e.g.*, First Am. Class Action Compl. (ECF No. 14), ¶ 2 ("This lawsuit does not contest that [i] labor used to make building product (such as a shingle or electrical outlet) or [ii] labor used to construct a building (such as a roofer or electrician) . . . can be depreciated as part of an ACV calculation.")

33.     Allstate admits that Allstate Vehicle issued a policy of insurance to Neal and Liliana Comeau (collectively, the *Comeaus*), identified as Policy No. 838818448 (the *Comeau Policy*), effective October 20, 2020, through October 20, 2021, in connection with real property located at 18726 Forest Deer Rd, Houston, Texas 77084-2235 (the *Comeau Property*), and Allstate refers the Court to that document for its true and complete contents and denies every inconsistent allegation or characterization.

34.     Allstate admits that it issued the Comeau Policy to the Comeaus and that premiums were paid to maintain coverage in force during the relevant period.  Allstate lacks knowledge or information sufficient to form a belief about the truth or falsity of all remaining allegations in Paragraph 34, and therefore denies these allegations.

35.     Allstate admits that the Comeaus submitted a covered claim for a loss to the Comeau Property purportedly occurring on February 16, 2021, which was assigned number 0616363784, and that the damage would require repair or replacement.  Allstate denies all remaining allegations in Paragraph 35.

36.     Allstate admits that the Comeaus submitted a singular claim for payment before incurring any expense for repair or replacement in connection with the Comeau Property.  Allstate denies all remaining allegations in Paragraph 36.

37.     Admit.

38.     Allstate admits that Allstate Vehicle prepared an initial estimate for the cost to repair or replace covered damage to the Comeau Property and that Allstate Vehicle made estimated depreciation adjustments in the calculation of an ACV payment made pursuant to a reported loss to the Comeau Property.  Allstate lacks knowledge or information sufficient to form a belief about

the truth or falsity of allegations concerning putative class members or their respective properties. Allstate denies all remaining allegations in Paragraph 38.

39.     Allstate denies that the Comeau Policy does not permit depreciation of labor.

40.     Allstate admits that Allstate Indemnity issued a policy of insurance to Jenifer F. Siddall identified as Policy No. 836987580 (the *Siddall Policy*), effective June 17, 2020, through June 17, 2021, in connection with real property located at 2604 Encina Unit 3, Irving, Texas 75038-5533 (the *Siddall Property*), and Allstate refers the Court to that document for its true and complete contents and denies every inconsistent allegation and characterization.

41.     Allstate admits that it issued the Siddall Policy to Ms. Siddall and that premiums were paid to maintain coverage in force during the relevant period.  Allstate lacks knowledge or information sufficient to form a belief about the truth or falsity of all remaining allegations in Paragraph 41, and therefore denies these allegations.

42.     Allstate admits that Adam and Jenifer F. Siddall submitted a covered claim for a loss to the Siddall Property purportedly occurring on February 16, 2021, which was assigned number 0615738572, and that the damage would require repair or replacement.  Allstate denies all remaining allegations in Paragraph 42.

43.     Allstate admits that Adam and Jenifer Siddall submitted a singular claim for payment before incurring any expense for repair or replacement in connection with the Siddall Property.  Allstate denies all remaining allegations in Paragraph 43.

44.     Admit.

45.     Allstate admits that Allstate Indemnity prepared an initial estimate for the cost to repair or replace covered damage to the Siddall Property and that Allstate Indemnity made estimated depreciation adjustments in the calculation of an ACV payment made pursuant to a

reported loss to the Siddall Property.  Allstate lacks knowledge or information sufficient to form a belief about the truth or falsity of allegations concerning putative class members or their respective properties.  Allstate denies all remaining allegations in Paragraph 45.

46.    Allstate denies that the Siddall Policy does not permit depreciation of labor.

47.    Allstate admits that Allstate has calculated the ACV of certain structural-loss claims by estimating the full cost to repair or replace the damage with new materials and then deducting for depreciation and that it utilized the replacement-cost-less-depreciation methodology to calculate each named Plaintiff's ACV payment.  Allstate denies all remaining allegations in Paragraph 47.

48.    Deny.

49.    Allstate admits that no formal appraisal was invoked or conducted pursuant to the terms of each named Plaintiff's Policy and as of the date of this Answer.  Allstate denies all remaining allegations in Paragraph 49.

50.    Allstate admits that no formal appraisal was invoked or conducted pursuant to the terms of each named Plaintiff's Policy and as of the date of this Answer.  Allstate denies all remaining allegations in Paragraph 50.

51.    Deny.

52.    Allstate admits that adjustors and/or other claim specialists: visited the Sims Property, the Comeau Property, and the Siddall Property (collectively, the *Properties*) following their respectively reported claims of loss in April 2021, February 2021, and June 2020; inspected each individual Property for evidence of covered loss; and prepared summary estimate(s) for each individual Property's specifically covered loss, which, *inter alia*, reflected discrete estimates of

RCV, depreciation, ACV, material, labor, and/or sales tax in connection with each individual Property's specifically covered loss.  Allstate denies all remaining allegations in Paragraph 52.

53.     Allstate admits that Allstate has utilized Xactimate software, which was generally commercially available and allowed for estimation of ACV and RCV, to assist its adjusters in their adjustment of certain claims.  Allstate denies all remaining allegations in Paragraph 53.

54.     Allstate admits that Allstate has utilized Xactimate software, which was generally commercially available and allowed for estimation of ACV and RCV, to assist its adjusters in their adjustment of certain claims, which includes, on occasion, when they are preparing an initial summary estimate for a covered loss.  Allstate (a) denies that Allstate "generated" "Xactimate®️ estimates," (b) denies that adjustor-prepared estimates—including summary estimates prepared in connection with Plaintiffs' Properties—contain "the estimated cost of . . . future labor" (rather than embedded/incorporated labor), and (3) denies that "the estimated cost of materials and future labor required to complete [Property] repairs" constitutes "the RCV."  Allstate lacks knowledge or information sufficient to form a belief about the truth or falsity of all remaining allegations in Paragraph 54, and therefore denies these allegations.

55.     Allstate admits both that Allstate prepared an initial estimate for the cost to repair or replace covered damage and that Allstate made estimated depreciation adjustments in the calculation of an ACV payment.  Allstate denies all remaining allegations in Paragraph 55.

56.     Deny.

57.     Allstate admits that it used the services of Xactimate in handling each named Plaintiff's claim.  Allstate lacks knowledge or information sufficient to form a belief about the truth or falsity of allegations concerning contractors, other insurers, or putative class members and therefore denies these allegations.  Allstate denies all remaining allegations in Paragraph 57.

58.     Allstate lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 58, and therefore denies these allegations.

59.     Deny.

60.     Allstate lacks knowledge or information sufficient to form a belief about to the truth or falsity of the allegations in Paragraph 60, and therefore denies these allegations.

61.     Allstate lacks knowledge or information sufficient to form a belief about to the truth or falsity of the allegations in Paragraph 61, and therefore denies these allegations.

62.     Allstate admits that it used the services of Xactimate in handling the named Plaintiffs' claims but lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning the putative class members' claims.  Allstate further states that the phrase, "Xactimate® software then breaks down each individual necessary step in the repair process into an individual 'line item'" is vague and ambiguous.  Allstate denies all remaining allegations in Paragraph 62.

63.     Allstate admits that Allstate has utilized Xactimate software, which was generally commercially available and allowed for estimation of ACV and RCV, to assist its adjusters in their adjustment of certain claims.  Allstate states that the screenshot depicted in Paragraph 63 purports to be from an Xactimate® program, but Allstate denies that application of depreciation to labor or other non-material items constitutes a withholding from an ACV payment.  Allstate denies all remaining allegations in Paragraph 63.

64.     Allstate admits that Allstate deducted depreciation for repair or replacement costs when calculating the initial payment (*i.e.* the ACV benefits owed) on each named Plaintiff's claim.  Allstate denies all remaining allegations in Paragraph 64.

65.     Allstate admits that the Amended Complaint purports to define "withholding labor[.]'" Allstate denies all remaining allegations in Paragraph 65.

66.     Paragraph 66 contains legal conclusions for which no response is required.  To the extent a response is required, Allstate denies all allegations in Paragraph 66.

67.     The language in each estimate provided to each named Plaintiff speaks for itself, and Allstate denies any characterization thereof.  The phrase "amount of labor that has been withheld" is vague and ambiguous.  Allstate denies all remaining allegations in Paragraph 67.

68.     Allstate admits that Allstate may lawfully depreciate materials costs when calculating the amount of an ACV payment owed to an insured.  Allstate denies all remaining allegations in Paragraph 68.

69.     Deny.

70.     Deny.

71.     Deny.

72.     Allstate admits that Plaintiffs purport to bring this action on behalf of a class and the amount in controversy with respect to the putative class exceeds $5,000,000, exclusive of interest and costs, but Allstate denies that a class is properly certifiable in this case under Rule 23 of the Federal Rules of Civil Procedure.  Allstate denies all remaining allegations in Paragraph 72.

73.     Allstate admits that Plaintiffs purport to bring this action on behalf of a class, but Allstate denies that a class is properly certifiable in this case under Rule 23 of the Federal Rules of Civil Procedure, denies that Plaintiffs are similarly situated to each other, and denies that any alleged putative class member is similarly situated to either any Plaintiff or one another.  Allstate denies all remaining allegations in Paragraph 73.

74.     Allstate admits that Plaintiffs purport to bring this action on behalf of a class, but Allstate denies that a class is properly certifiable in this case under Rule 23 of the Federal Rules of Civil Procedure.  Allstate denies all remaining allegations in Paragraph 74.

75.     Allstate admits that Plaintiffs purport to bring this action on behalf of a class, but Allstate denies that a class is properly certifiable in this case under Rule 23 of the Federal Rules of Civil Procedure.  Allstate denies all remaining allegations in Paragraph 75.

76.     Paragraph 76 contains legal conclusions for which no response is required.  To the extent a response is required, denies that a class is properly certifiable in this case under Rule 23 of the Federal Rules of Civil Procedure, and Allstate denies all remaining allegations in Paragraph 76.

77.     Allstate denies that a class is properly certifiable in this case under Rule 23 of the Federal Rules of Civil Procedure, and Allstate denies all remaining allegations in Paragraph 77.

78.     Allstate denies that a class is properly certifiable in this case under Rule 23 of the Federal Rules of Civil Procedure, and Allstate denies all remaining allegations in Paragraph 78.

79.     Allstate denies that a class is properly certifiable in this case under Rule 23 of the Federal Rules of Civil Procedure, and Allstate denies all remaining allegations in Paragraph 79.

80.     Allstate denies that commonality or predominance are satisfied for purposes of class certification.  Allstate denies all remaining allegations in Paragraph 80.

81.     Allstate denies that typicality is satisfied for purposes of class certification.  Allstate denies all remaining allegations in Paragraph 81.

82.     Allstate denies that adequacy is satisfied for purposes of class certification.  Allstate denies all remaining allegations in Paragraph 82.

83.     Allstate denies that superiority is satisfied for purposes of class certification. Allstate denies all remaining allegations in Paragraph 83.

84.     Allstate denies that manageability or superiority are satisfied for purposes of class certification.  Allstate denies all remaining allegations in Paragraph 84.

85.     Allstate denies that a class is properly certifiable in this case under Rule 23 of the Federal Rules of Civil Procedure, and Allstate denies all remaining allegations in Paragraph 85.

86.     Allstate denies that a class is properly certifiable in this case under Rule 23 of the Federal Rules of Civil Procedure, and Allstate denies all remaining allegations in Paragraph 86.

87.     Federal Rule of Civil Procedure 23(c)(4) speaks for itself, and Allstate denies any allegation, legal conclusion, or characterization inconsistent therewith.  Allstate denies that a class is properly certifiable in this case under Rule 23 of the Federal Rules of Civil Procedure, and Allstate denies all remaining allegations in Paragraph 87.

88.     As to each individually named Plaintiff, Allstate admits that the Sims sent a written letter to Allstate Fire dated March 15, 2022, that the Comeaus sent a written letter to Allstate Vehicle dated March 15, 2022, and that Jenifer Siddall sent a written letter to Allstate Indemnity dated July 29, 2022, but Allstate denies that these letters constituted sufficient notice under the statutory requirements reference in Paragraph 88 and denies that these letters constitute sufficient notice on behalf of any putative class member.  Allstate denies all remaining allegations in Paragraph 88.

89.     Deny.

90.     Deny.

91.     Allstate incorporates all of its foregoing answers to all Paragraphs of the Amended Complaint as though the same were set forth herein.

92.     Allstate admits that Allstate Fire issued the Sims Policy to the Sims, that Allstate Vehicle issued the Comeau Policy to the Comeaus, that Allstate Indemnity issued the Siddall Policy to Ms. Siddall, and that the Policies were in force and coverage was provided.  Allstate denies that a class is properly certifiable in this case under Rule 23 of the Federal Rules of Civil Procedure, and Allstate denies all remaining allegations in Paragraph 92.

93.     Allstate admits that the Policies issued to named Plaintiffs can be binding contracts governed by Texas law.  Allstate denies that a class is properly certifiable in this case under Rule 23 of the Federal Rules of Civil Procedure, and Allstate denies all remaining allegations in Paragraph 93.

94.     Allstate admits that Allstate (or its authorized affiliate(s)) drafted the terms of each named Plaintiff's Policy.  But the language of each Policy that Allstate issued to each Plaintiff speaks for itself, and Allstate denies any characterization thereof.  Allstate lacks knowledge or information sufficient to form a belief about the truth or falsity of any allegation concerning the actions of putative class members, and therefore denies these allegations.  Allstate denies all remaining allegations in Paragraph 94.

95.     Allstate admits that it issued indemnification payment(s) for each named Plaintiff's covered loss.  Allstate lacks knowledge or information sufficient to form a belief about the truth or falsity of any allegation concerning actions taken by putative class members.  Allstate denies all remaining allegations in paragraph 95.

96.     Paragraph 96 contains legal conclusions for which no response is required.  To the extent a response is required, Allstate denies the allegations in Paragraph 96.

97.     Paragraph 97 contains legal conclusions for which no response is required.  To the extent a response is required, Allstate denies the allegations in Paragraph 97.

98.     Paragraph 98 contains legal conclusions for which no response is required.  To the extent a response is required, Allstate denies the allegations in Paragraph 98.

99.     Allstate incorporates all of its foregoing answers to all Paragraphs of the Amended Complaint as though the same were set forth herein.

100.    Paragraph 100 contains legal conclusions for which no response is required.  To the extent a response is required, Allstate lacks knowledge or information sufficient form a belief about the truth or falsity of the allegations in Paragraph 100, and therefore denies these allegations.

101.    Deny.

102.    Deny.

103.    Deny.

104.    Allstate incorporates all of its foregoing answers to all Paragraphs of the Amended Complaint as though the same were set forth herein.

105.    28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure speak for themselves, and Allstate denies any allegation, legal conclusion, or characterization inconsistent therewith.  Allstate denies all remaining allegations in Paragraph 105.

106.    Paragraph 106 contains legal conclusions for which no response is required.  To the extent a response is required, Allstate denies the allegations in Paragraph 106.

107.    Paragraph 107 contains legal conclusions for which no response is required.  To the extent a response is required, Allstate denies the allegations in Paragraph 107.

108.    Allstate admits that Plaintiffs purport to bring this action on behalf of a class, but Allstate denies that a class is properly certifiable in this case under Rule 23 of the Federal Rules of Civil Procedure.  Allstate denies all remaining allegations in Paragraph 108.

109.    Allstate admits that Plaintiffs purport to bring this action on behalf of a class, but Allstate denies that a class is properly certifiable in this case under Rule 23 of the Federal Rules of Civil Procedure.  Allstate denies all remaining allegations in Paragraph 109.

110.    Paragraph 110 contains legal conclusions for which no response is required.  To the extent a response is required, Allstate denies that a class is properly certifiable in this case under Rule 23 of the Federal Rules of Civil Procedure, and Allstate denies all remaining allegations in Paragraph 110.

Allstate admits that Plaintiffs demand a trial by jury.

Allstate denies that any named Plaintiff or any putative class member is entitled to any of the relief sought in the Prayer for Relief and denies each allegation contained in Plaintiffs' Prayer for Relief.

## GENERAL DENIAL

Allstate denies each and every allegation not expressly admitted herein.

## JURY TRIAL

Allstate respectfully requests a jury trial of all factual issues.

## ADDITIONAL DEFENSES

Nothing herein may be construed to suggest that Allstate bears the burden of proof for any issue set forth below.  Allstate reserves the right to assert other defenses to the extent additional facts are obtained in discovery and to the extent Plaintiffs further amend or clarify their allegations.

### *First Defense*

Some or all claims of members of the putative class are barred in whole or in part by the applicable statute of limitations, as to which tolling cannot apply due to the individual's inability to demonstrate any basis therefor (including without limitation any fraudulent conduct by Allstate,

or an inability to ascertain that the individual might have a dispute with Allstate in respect to payments for a covered structural damage loss).

### Second Defense

Some or all claims of Plaintiffs and of members of the putative class are barred in whole or in part for the individual insured's failure to comply with all requirements relating to the appraisal process for resolving disputes concerning claims under their respective policies.

### Third Defense

The Amended Complaint fails to state a claim for which relief may be granted.

### Fourth Defense

Some or all claims of Plaintiffs and of members of the putative class are barred in whole or in part by the doctrines of release, payment, accord and satisfaction, and settlement.

### Fifth Defense

Some or all claims of Plaintiffs and of members of the putative class are barred in whole or in part because Allstate's conduct was at all times lawful, justified, and authorized, under the applicable policy of insurance.

### Sixth Defense

Some or all claims of Plaintiffs and of members of the putative class are barred in whole or in part for failure to mitigate damages.

### Seventh Defense

Some or all claims of Plaintiffs and of members of the putative class are barred in whole or in part by the doctrines of laches, waiver, estoppel, ratification, and/or unclean hands.

### *Eighth Defense*

Some or all claims of Plaintiffs and of members of the putative class are barred in whole or in part to the extent any named Plaintiff and any putative class member failed to initiate and/or exhaust contractual remedies.

### *Ninth Defense*

Some or all claims of Plaintiffs and of members of the putative class are barred in whole or in part to the extent they have breached or failed to perform in their agreements with Allstate.

### *Tenth Defense*

This is not a valid class action because a class is not an appropriate method of adjudication as to this controversy.

### *Eleventh Defense*

This is not a valid class action because the putative class members are not readily ascertainable.

### *Twelfth Defense*

Some or all claims of Plaintiffs and of members of the putative class are barred in whole or in part for the individual insured's failure to comply with all duties, obligations, and conditions precedent under his or her insurance policy, including without limitation failure to promptly report the loss, failure to cooperate in the investigation of the claim, failure to timely commence repairs, failure to provide information necessary for adjustment of the insured's loss or for payment of any replacement cost or other benefits assertedly owed, failure to submit a proof of loss as to unpaid amounts allegedly due for the loss, and/or failure to pay premiums as due.

### Thirteenth Defense

Each policy issued by Allstate under which the individual and class claims are now asserted constitutes the best evidence of the contents of each such policy.  Hence, Allstate pleads, without limitation, all terms, conditions, and exclusions of each insured's policy as to each such insured. Further, Allstate specifically denies each claim and allegation that contradicts, contravenes, or enlarges upon the terms, conditions, exclusions, or limitations of each individual insured's policy.

### Fourteenth Defense

Some or all claims of Plaintiffs and of members of the putative class are barred in whole or in part to the extent any individual insured has already been fully compensated for his or her loss by, *inter alia*, voluntarily electing not to pursue repairs to the property, by receiving payment of all replacement cost benefits owed the individual's cost to complete repairs, by receiving payment of his or her full policy limits less the applicable deductible, and/or by completing repairs to the damaged property for less than the amount of the total payment already received for the claim (less the applicable deductible).

### Fifteenth Defense

Some or all claims of Plaintiffs and of members of the putative class are barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

### Sixteenth Defense

This action cannot be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because: (a) Plaintiffs are not adequate class representatives and cannot fairly and adequately protect the interests of the putative class; (b) Plaintiffs' claims are not typical of the claims of other members of the putative class; (c) individual issues of law or fact predominate over any common question; (d) a class action is not a superior method for fair and efficient

adjudication of the purported controversy; (e) no other requirement for maintaining this action as a class have been satisfied; and, (f) the putative class is not properly defined or readily ascertainable.  Further, adjudication of any named Plaintiff's individual claims or any claim of any purported class member will require individualized inquiry regarding injury, causation, and damages, such that imposition of liability or any award of damages or other relief against Allstate on the basis of generalized, class-wide proof will not satisfy the requirements of Rule 23 and would violate Allstate's Due Process and other rights under the Texas and United States Constitutions.

### Seventeenth Defense

This action cannot be maintained as a class action under Rule 23(b)(1) of the Federal Rules of Civil Procedure because: (a) Plaintiffs are not adequate class representatives and cannot fairly and adequately protect the interests of the putative class; (b) Plaintiffs' claims are not typical of the claims of other members of the putative class; (c) individual issues of law or fact predominate over any common question; (d) adjudication of separate actions by individual members of the putative class would not be dispositive of others' interests or establish incompatible standards of conduct for Allstate; (e) no other requirement for maintaining this action as a class have been satisfied; and, (f) the putative class is not properly defined or readily ascertainable.  Consequently, any adjudication of any named Plaintiff's individual claims or any claim of any purported class member on the basis of generalized, class-wide proof will not satisfy the requirements of Rule 23 and would violate Allstate's Due Process and other rights under the Texas and United States Constitutions.

### Eighteenth Defense

This action cannot be maintained as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure because: (a) Plaintiffs are not adequate class representatives and cannot fairly

and adequately protect the interests of the putative class; (b) Plaintiffs' claims are not typical of the claims of other members of the putative class; (c) Plaintiffs lack standing to sue for injunctive or declaratory relief in their own right or on behalf of the putative class; (d) the injunctive and declaratory relief sought by Plaintiffs are not permissible under Rule 65 of the Federal Rules of Civil Procedure; (e) neither the final injunctive or declaratory relief sought nor any other final injunctive or declaratory relief is appropriate in connection with the putative class as a whole; (f) neither any named Plaintiff nor any purported member of the putative class can demonstrate either inadequacy of monetary relief or inadequacy of redressability in relation to either injunctive relief or declaratory relief; (g) no other requirement for maintaining this action as a class action have been satisfied; and (h) the putative class is not properly defined or readily ascertainable. Consequently, any adjudication of any named Plaintiff's individual claims or any claim of any purported class member on the basis of generalized, class-wide proof will not satisfy the requirements of Rule 23 and would violate Allstate's Due Process and other rights under the Texas and United States Constitutions.

### Nineteenth Defense

Some or all claims of Plaintiffs and of members of the putative class are barred in whole or in part because they improperly seek to impair the obligation of contracts in contravention of rights guaranteed to Allstate by virtue of the Texas and United States Constitutions.

### Twentieth Defense

Plaintiffs and some or all members of the putative class are not entitled to recover pre-judgment or post-judgment interest for failure to demonstrate all prerequisites for recovery of such payments under their respective policies and/or Texas law (including without limitation submission of proof of loss and/or a definite amount owed and overdue).

### *Twenty First Defense*

Plaintiffs' claimed damages or other relief, and the asserted damages or other relief sought by other members of the putative class, are barred in whole or in part because they are improper and unavailable for the claims alleged.

### *Twenty Second Defense*

Some or all claims of Plaintiffs and of members of the putative class are barred in whole or in part because the individual insured's failure to comply with all pre-suit appraisal and proof-of-loss provisions contained in their respective policies.

### DEFENDANTS' PRAYER

WHEREFORE, having fully answered Plaintiffs' First Amended Class Action Complaint, Defendants Allstate Fire and Casualty Company, Allstate Vehicle and Property Insurance Company, and Allstate Indemnity Company, respectfully requests the Court enter judgment in its favor and grant such other and further relief as the Court deems just and proper.

*<Signature block on following page>*

Dated: January 25, 2023.

Respectfully submitted,

*/s/Roger D. Higgins*
Roger D. Higgins
Texas Bar No. 09601500
Gino J. Rossini
Texas Bar No. 24007953
John M. Wiggins
Texas Bar No. 24115950

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Tel: (214) 871-8200
Fax: (214) 871-8209
rhiggins@thompsoncoe.com
grossini@thompsoncoe.com
jwiggins@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that to the best of my knowledge all counsel of record consent to and participate in receiving electronic notification from the CM/ECF system, and that the Clerk of the Court for the Western District of Texas, using the CM/ECF system, will electronically send notification of the filing of this pleading to all counsel of record.

Dated: January 25, 2023.

*/s/ Roger D. Higgins*
Roger D. Higgins