UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAMES SIMS, TERRIE SIMS, NEAL
COMEAU, LILIANA COMEAU,
JENIFER SIDDALL, JON HOWELL,
TERRY DUHON, INDIVIDUALLY
AND ON BEHALF OF OTHER'S
SIMILARLY SITUATED;

    *Plaintiffs*,

v.                                                    CASE NO.  SA-22-CV-00580-JKP

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY, ALLSTATE
VEHICLE AND PROPERTY
INSURANCE COMPANY, ALLSTATE
INDEMNITY COMPANY,

    *Defendants*.

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Allstate Vehicle and Property Insurance Company's (Allstate) Motion for Summary Judgment on the causes of action asserted by Plaintiffs Liliana Comeau, Neal Comeau, Jon Howell, and Terry Duhon ("the Collective Plaintiffs"). *ECF No. 142*. The Collective Plaintiffs responded, and within the Response, sought to strike Allstate's summary judgment evidence of Declarations by Edith Chau and Matthew Camarco. *ECF No. 163*. Upon consideration, the Court concludes Allstate's Motion for Summary Judgment is **GRANTED IN PART, DENIED IN PART**, and **DENIED WITHOUT PREJUDICE IN PART**. The Court dismisses the Collective Plaintiffs' internal objections, or motion to strike the declarations, as moot.

## UNDISPUTED FACTUAL BACKGROUND

The Collective Plaintiffs purchased individual homeowner's insurance policies from Allstate, and subsequently, incurred damage to their individual homes and submitted independent claims for coverage. The parties do not dispute the damage to the Collective Plaintiffs' properties is covered under their individual, but identical, insurance policies (the Policy). The dispute arises in how Allstate calculates the initial payment to each Plaintiff for the covered loss.

The parties do not dispute the Policy is a replacement cost value (RCV) insurance policy, under which there is a two-step process for recovery of loss payments. First, Allstate pays an insured the actual cash value (ACV) of the insured loss when it is damaged or destroyed. Second, if the insured chooses to complete repairs or replacement of the subject property, they may then seek reimbursement for the actual cost of repairs under the replacement-cost-value provisions of the Policy. Thus, the Policy does not require payment of the RCV unless repairs are completed within 365 days from the date of loss and the insured submits an insurance claim for reimbursement of the additional, actual costs of repair. Until repairs are complete, Allstate owes only the ACV.

The parties do not dispute the Policy provides the ACV payment may include a deduction for depreciation, and the Policy does not provide a specific definition of ACV or depreciation. In each of the Collective Plaintiffs' loss, Allstate calculated their initial ACV payment by estimating the cost to repair or replace the damage with new building materials and then subtracted depreciation for both the cost of materials and the cost of future labor.

The Collective Plaintiffs allege Allstate incorrectly calculated the initial ACV payment by deducting depreciation for the anticipated labor cost. The Collective Plaintiffs contend the

Policy language is ambiguous, by omission, by failing to define ACV specifically to disclose Allstate's practice of calculating the ACV payment by deducting depreciation of anticipated labor costs.

Allstate contends the Collective Plaintiffs' theory that Allstate breached the Policy by depreciating future labor when calculating ACV of damaged insured property is based on an unreasonable interpretation of the Policy terms. Allstate contends the Collective Plaintiffs' interpretation allows insureds to receive the full amount estimated for all labor costs for repairing property before the insureds have incurred that cost and even if they decide to not repair the damaged property. This conflicts with the policy language, Texas case law, and the ordinary dictionary meaning of the terms actual cash value and depreciation. Instead, the Policy is a replacement cost insurance policy which allows an insured to receive the ACV of their insured property when it is damaged or destroyed by a covered loss. If the insured makes the repairs or replacements, they will receive reimbursement up to the policy limits for the full amount of costs expended in making the repairs or replacements, less the ACV amount they already received. Thus, Allstate contends its practice of calculating the ACV payment is in accordance with the Policy's plain terms, and therefore, is not ambiguous.

On May 8, 2024, this Court granted Howell and Duhon's Motion to Join this action, which was filed in March 2024. *ECF No. 92*. The Collective Plaintiffs assert a cause of action for breach of contract and seek declaratory relief stating their insurance contracts prohibit the withholding of depreciation of future labor costs when calculating the initial ACV loss payment. *ECF No. 92*, *pp. 24-25*.

Allstate moved to dismiss the Complaint for failure to state a claim arguing the Policy language governing ACV payments unambiguously permitted withholding depreciation of future

labor costs. *ECF No. 90.* This Court denied the Motion to Dismiss following the Fifth Circuit's decision in *Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700, 706 (5th Cir. 2020). *ECF No. 106*. In denying the Motion to Dismiss, this Court found, as with the policies at issue in *Mitchell*, the insurance policies in this case are ambiguous on this point, and following *Mitchell*, the ambiguity must be resolved in the Collective Plaintiffs' favor to find they stated plausible causes of action for breach of contract and declaratory relief. *Id.* Subsequently, this Court administratively closed this case as it proceeded through the process for independent appraisal of the Collective Plaintiffs' insurance claims.

On July 22, 2024, the appraisal panel issued its assessment decision on each of the Collective Plaintiffs' insurance claims. *ECF No. 142, exhs. 1-21, 1-22*. With the appraisal process complete, Allstate now seeks summary judgment on the breach of contract cause of action and the request for declaratory judgment asserted by each of the Collective Plaintiffs.

## LEGAL STANDARD

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

4

must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014). To be entitled to summary judgment on its own cause of action, a plaintiff must show there is no genuine dispute of material fact and establish each element of its cause of action as a matter of law. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

A court may not grant summary judgment by default should the nonmovant fail to respond. *Bradley v. Chevron U.S.A., Inc.,* No. Civ.A. 204CV092J, 2004 WL 2847463, *1 (N.D.Tex. Dec. 10, 2004) (*citing Eversley v. MBank of Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir.

1985)). In this event, the Court must review the summary judgment motion to determine whether the movant satisfied its summary judgment burden and thereby shifted the burden. *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the

motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)(citations omitted).

## DISCUSSION

**Motion to Strike Declarations**

Within their Response to the Motion for Summary Judgment, the Collective Plaintiffs request this Court strike the Declarations of Edith Chau and Matthew Camarco because Allstate did not disclose either witness and the declarations cite unidentified documents that Allstate did not produce. *ECF No. 163, pp. 7-9.*

First, this request is denied because the Camarco Declaration attached as exhibits some documents that the Collective Plaintiffs are familiar with, that form the basis of this suit, and that they attached to their own filings previously. Specifically, the Camarco Declaration refers to and attaches the appraisal panel's "Appraisal Award." *ECF No. 142-1, p. 318-321.* Because the "Appraisal Award" is undisputed and necessary for determination of this Motion for Summary Judgment and is known to the Collective Plaintiffs, this Court will not strike it. To the extent the Court refers to this "Appraisal Award" herein, the Court notes it is also attached as an exhibit to the Collective Plaintiffs' Response to Allstate's Motion to Expedite and Opposed Motion for a Conference Concerning Completion of Siddall's Appraisal Process and Ongoing Interference with the Appraisal Panel. *See ECF Nos. 100, 102, p.2.* Therefore, any reference to this document is not prejudicial to the Collective Plaintiffs, nor is additional discovery required. For ease of

reference, the Court will cite only to the "Appraisal Award" attached to the Motion for Summary Judgment.

Other than the documents known to the Collective Defendants, this request to strike the Declarations is denied as moot because the Court did not rely upon nor review these Declarations in determination of the Motion for Summary Judgment, nor did the Court review any other documents attached to the Declarations.

**Motions for Summary Judgment**

The Court will analyze the Motion for Summary Judgment as to each of the Collective Plaintiffs separately.

I.      **Breach of Contract Cause of Action**

A.  **The Comeau Plaintiffs' Insurance Claim**:

By July 2023, the Comeaus made many structural and remedial repairs associated with their insurance claim caused by Winter Storm Uri, except only "Painting" as structural repair work that "ha[d] yet to be completed. *ECF No. 142, exh. 2, Comeaus' Amended Answer to Interrog. No. 4*. On February 2, 2024, Allstate, within this suit, invoked the appraisal process established in these parties' insurance contract, on an expressly stated expectation that "appraisal [would] determine the entire amount of loss to the Dwelling in connection with the February 16, 2021 water/freeze event." *See ECF No. 71; ECF No. 142, exh. 1-19*. The Comeaus agreed without objection, joining Allstate in filing an Agreed Motion to Stay on February 6, 2024, which led to the Court's first Order compelling appraisal on February 16, 2024. *ECF Nos. 71,74, ¶ 1*. On July 22, 2024, the appraisal panel assessed $50,451.99 RCV and $26,945.18 ACV, with $7,561.30 materials depreciation for the Dwelling. *ECF No. 142, exh. 1-21*. The appraisal panel

did not appraise the contents or "ALE." *Id*. The assessment also excluded the appraisal panel's determination for replacement costs/amounts of loss associated with damages to the Comeaus' Living Room. *ECF No. 142, exh. 1-22, at 2*. Umpire Steve Medeiros later explained and clarified this omission through an email to all related parties. *ECF Nos. 100-1, 142, exh. 1-27, at p.2 (clarifying correspondence)*; *exh. 1-28*. Consistent with that clarification from the panel, the following RCV figures were added:  $491.96 in Living Room-related overhead and profit; $79.97 in Living Room-related sales tax, and; $2,379.59 in other Living Room-related repair/replacement costs. Thus, the total replacement cost determined by the appraisers on the Comeaus' loss was $53,403.51 which, after accounting for applicable deductible ($1,927.00) and prior payments ($6,228.41; $5,194.17; $1,640.09), yielded a total post-appraisal RCV payout of $38,413.84. *ECF No. 142, exhs. 1-21, 1-22, 1-26, and 1-27*.

The Appraisal Assessment states:

"With the exception to the appraisal clause, the Appraisal Panel did not Interpret any policy terms, conditions, coverages, or exclusions in determining the amount of loss." *ECF No. 100-1*; *ECF No. 142-1, exh. 1.21, p. 306*;

 "**THE BELOW SET OF VALUES REPRESENTS THE AWARD WITH NO DEPRECIATION APPLIED TO LABOR OR REMOVAL OF ITEMS. DEPRECIATION IN THE BELOW SET OF VALUES IS REFLECTED ON MATERIAL ONLY.**" *ECF No. 100-1; ECF No. 142-1, exh. 1.21, p. 306*.

"This appraisal panel DID NOT DETERMINE COVERAGES as per the policy language." *ECF No. 100-2, p.1; ECF No. 142-1, exh. 1.22*.

The Clarification email states:

"[W]e did not reference or attempt to interpret the policy in any way when it comes to any aspect of this loss [including] for the application of depreciation as it relates to labor." *ECF No. 102-2, 7-22-24 3:02 PM Umpire email*.

Following the appraisal assessments, on July 29, 2024, Allstate submitted two checks to the Comeaus through their counsel: one check totaling $38,178.15,19 and a second check

totaling $19,694.56. *ECF No. 142, exh. 1-25*. On August 9, 2024, Allstate submitted two additional checks to the Comeaus through their counsel: one check for $235.69, which reflects the difference between $38,413.84 and $38,178.15 (see supra., n.19), and a second check for $122.20 to cover any additional statutory interest the Comeaus could possibly allege to be owed. *Id. at exh. 1-26*.

Thus, Allstate's total pre-appraisal loss payment of $13,062.67, when combined with Allstate's submission of the appraisal panels' RCV loss assessment of $38,413.84 ($38,178.15, plus $235.69), reflects the full RCV assessed by the appraisal panel (less deductible). *Id. at exh. 1-21, 1-25, 1-26, 1-27.* Allstate's additional, combined post-appraisal submission of payment of $19,816.76 ($19,694.56, plus $122.20) encompasses any possible statutory interest the Comeaus could recover for Allstate's "failure and refusal to fully and promptly pay" for what the Comeaus' actually spent on replacement costs. *ECF No. 92.*

The Comeaus contend they did not and have not accepted these attempted payments of the RCV appraisal assessments and interest payments to protect the interests of the proposed class. *ECF No. 163, pp. 6, 11-13.*

This case closely follows and aligns with the underlying facts, procedure, issues, and arguments presented, as well as the central question in another case in this San Antonio Division, *Cortinas v. Liberty Mut. Pers. Ins. Co.*, No. SA-22-CV-544-OLG (HJB). As in *Cortinas*, the primary dispute in this case "is a question of contract interpretation: whether the cost of future labor may be depreciated . . . when calculating the ACV of covered losses." *Cortinas v. Liberty Mut. Pers. Ins. Co.*, No. SA-22-CV-544, 2025 WL 233589, at *3 (W.D. Tex. Jan. 13, 2025), report and recommendation adopted, 2025 WL 1062093 (W.D. Tex. Apr. 8, 2025).

In this Motion for Summary Judgment, as did the Defendants in *Cortinas*, Allstate seeks summary judgment absent answer to this primary dispute, arguing it is entitled to summary judgment on the Comeaus' breach of contract cause of action because Allstate paid full RCV to them (without any future-labor depreciation), mooting any factual basis to assert this cause of action. Allstate further argues summary judgment on the breach of contract cause of action nullifies the Comeaus' request for declaratory relief because the request is duplicative of the breach of contract cause of action.

Allstate states the Comeaus do not dispute that its submittal of payment of the appraisal-assessed ACV constitutes payment in full. *ECF No. 142, p. 17*. Because it submitted, and the Comeaus accepted, this full payment for the appraisal-assessed RCV amount, without deduction of depreciation for labor costs, Allstate contends its liability for the breach of contract cause of action was extinguished. *Id. at pp. 17-19*. Allstate contends this payment plus all possible statutory interest is not comparable to an offer of settlement because the appraisal assessment was binding under the Policy terms, and therefore, the Comeaus were required to accept Allstate's payment of whatever ACV the appraisal panel assessed. *Id. at p. 18-19*.

However, the Comeaus contend they did not and have not accepted Allstate's attempted payments of the appraisal assessments and possible interest. *ECF No. 163, pp. 6,12*. The Comeaus contend the appraisal panel assessed only a value for the applicable RCV and ACV amounts under these facts, but did not resolve the legal issue whether the Comeaus were entitled to these amounts and explicitly did not determine whether Allstate acted pursuant to the Policy terms. The Comeaus contend the appraisal panel made clear it "intended, agreed, and understood that it would not decide the seminal labor depreciation policy interpretation dispute." Absent final resolution of this legal issue, the appraisal panel lacked authority to calculate RCV and

ACV with finality. For this reason, the Comeaus contend the appraisal panel's assessments were not binding, and they were not required to accept Allstate's attempt to pay the full RCV appraisal assessment. Thereby, Allstate's presentment of the full RCV assessment was a settlement offer, which they rejected. *Id. at pp. 6-13*.

First, the parties' arguments and the undisputed facts make clear a genuine dispute does exist whether the Comeaus accepted Allstate's payment of the appraisal assessment. This genuine dispute dispels Allstate's first argument supporting summary judgment: that the Comeaus "do not dispute that its submittal of payment of the full, face-value replacement cost for her loss constitutes payment in full." Consequently, this argument fails.

The Court presumes Allstate rests upon this inaccurate foundation for summary judgment to align this case with a previous decision by this Court in a similar case, *Yount v. Travelers Pers. Ins. Co.*, No. SA-23-CV-00150, 2024 WL 131380, at *1 (W.D. Tex. Jan. 11, 2024). In *Yount*, as here, the Plaintiff parties stated they rejected the Insurer's presentment of the full RCV assessed in the appraisal award, yet the Plaintiff parties also admitted the Insurer's mailing of the unaccepted check mooted her individual breach of contract cause of action under Texas state law. *Id.* at *1. Also, in *Yount*, the Plaintiff parties did not challenge or seek "to overturn[ ] the appraisal award." The Plaintiff parties also did not directly respond to the Insurer's grounds for summary judgment. *Id.* at *2-3. Therefore, constrained by the Plaintiff parties' admission, the arguments presented, and the lack of response to specific arguments in support of summary judgment, this Court was required to find the appraisal award was binding under those circumstances. *Id.* *7–8. This Court's holding in *Yount* was limited to the facts, admissions, and arguments presented therein, and Allstate's reliance on *Yount* is, accordingly, inapposite.

Here, by contrast, the Comeaus do not make the dispositive admission, as did the *Yount* Plaintiffs, that the Insurer's mailing of the unaccepted check mooted their individual breach of contract cause of action under Texas state law. Instead, the Comeaus present ample argument they rejected Allstate's presentment of payment for the full ACV assessed by the appraisal panel, and thus, this presentment did not nullify their breach of contract cause of action. The Comeaus also sought to overturn the appraisal award and present sufficient argument that the appraisal award was not binding. Therefore, the Comeaus contend Allstate's presentment of the full ACV assessed value constituted only a settlement offer. *See ECF No. 163, pp. 6-13*.

Based upon these arguments, the Court must determine whether Allstate's unaccepted presentment of the full ACV appraisal assessment was binding upon the Comeaus, or whether the presentment may be disregarded as a settlement offer.

"'[A]n otherwise binding appraisal may be disregarded ... when the award was made without authority.'" *MLCSV10 v. Stateside Enters., Inc.*, 866 F.Supp.2d 691, 698 (S.D. Tex. 2012) (quoting *Lundstrom v. United Servs. Auto. Ass'n-CIC*, 192 S.W.3d 78, 87 (Tex. App.— Houston [14th Dist.] 2006, pet. denied)); *Cortinas*, 2025 WL 233589, at *9-10. An appraisal panel does not have authority to determine parties' rights under an insurance policy or to determine the meaning of policy terms. Therefore, an appraisal assessment does not foreclose the right of a party to seek a judicial determination of her rights and obligations under an insurance policy. *Cortinas*, 2025 WL 233589, at *9-10; *Amtrust Ins. Co. of Kan., Inc. v. Starship League, City, LP*, 2012 WL 2996489, at *4 (E.D. Tex. June 4, 2012), aff'd, 2012 WL 2996489 (E.D. Tex. Jul. 23, 2012). Accordingly, coverage disputes must still be resolved after an appraisal award unless the parties agree to a judgment or settlement. *Cortinas*, 2025 WL 233589, at *9-10; *HWY 67 Dealership JV v. Depositors Ins. Co.*, No. 3:22-CV-00784, 2024 WL 3759752, at *19 (N.D.

13

Tex. June 17, 2024), report and recommendation adopted, 2024 WL 3493790 (N.D. Tex. July 22, 2024); *Sec. Nat'l Ins. Co. v. Waloon Inv., Inc.*, 384 S.W.3d 901, 905 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

Review of the appraisal assessment reveals the members of the appraisal panel were in unanimous agreement they "were not authorized to decide the issue of labor depreciation or resolve any other legal questions or policy ambiguities." *ECF No. 142, exh 1-21, 1-22*. With this admission and the accompanying disclaimers quoted above, the appraisal panel admittedly lacked authority to resolve the parties' legal dispute and expressly did not decide any issue related the central dispute. *See Cortinas*, 2025 WL 233589, at *9-10; *MLCSV10, Inc.*, 866 F.Supp.2d at 698; *Lundstrom*, 192 S.W.3d at 87. In addition, in a previous filing related to the appraisal process, Allstate admitted the appraisal panel assessment did not decide any issue related the central dispute, stating, "[t]his appraisal award estimate does not address or decide the dispute over the labor depreciation issue, and we have not independently valued the category or damage. Instead, we have simply duplicated the carrier's valuation for later determination by the court." *ECF No. 100-2, p.7* (Allstate's Motion to Expedite and Opposed Motion for a Conference Concerning Completion of the Appraisal Process and Ongoing Interference with the Appraisal Panel).

Consequently, because the appraisal panel admittedly lacked authority to resolve the parties' legal dispute but assessed RCV and ACV values for efficiency upon the Court's determination of the legal dispute, Allstate's attempt to pay the RCV appraisal assessment was not binding upon the Comeaus as a matter of law. *See Cortinas*, 2025 WL 233589, at *10, and n.11.

For these reasons, Allstate's arguments supporting summary judgment on the Comeaus' breach of contract cause of action are without merit, and summary judgment will be denied.

**B. Howell's and Duhon's Insurance Claims:**

The parties do not dispute the following underlying facts forming the basis of Howell's and Duhon's insurance claims:

On April 8, 2021, Howell suffered wind and hail damage to his residence and submitted an insurance claim. Allstate subsequently issued an initial ACV payment in connection with Howell's claim on April 23, 2021. By August 2, 2021, Howell completed repairs and subsequently requested a final RCV payment. Allstate paid Howell for this RCV, and Howell does not dispute the amount of loss, but contests only Allstate's withholding of future labor as depreciation when calculating and paying the initial ACV. Because Howell received full RCV, he did not participate in the appraisal process with the other named plaintiffs.

On February 18, 2021, Duhon suffered freeze damages to the dwelling and other structures located at his residence and submitted an insurance claim. On March 9, 2021, Allstate issued an initial ACV payment in connection with Duhon's claim. On April 28, 2021, Allstate issued another payment in connection with Duhon's claim. By July 23, 2021, Duhon completed repairs and subsequently requested a final RCV payment. Allstate paid Duhon for this RCV, and Duhon does not dispute the amount of loss, but contests only Allstate's withholding of future labor as depreciation when calculating and paying the initial ACV. Because Duhon received full RCV, he did not participate in the appraisal process with the other named plaintiffs.

Allstate contends it is entitled to summary judgment on each cause of action asserted by Howell and Duhon because it paid them the full and undisputed RCV amounts, which do not contain depreciation, before either sought to join this action in March 2024. *ECF No. 142, pp.*

*24-28*. Because the RCV payments to Howell and Duhon constitute all amounts due under the Policy, Allstate contends it fully complied with the terms of the Policy, regardless of whether the initial ACV payment was deficient. *Id*. Thus, neither Howell nor Duhon have any redressable injury, and instead seek only "statutory or common law prejudgment interest on the amounts improperly withheld in the initial ACV payments, for the time period of withholding from February/March 2021 to July/August 2021 to compensate them for their alleged 'lost time value of money.'" *Id*. Allstate contends neither Texas law nor the Policies allow for such recovery. *Id*.

The purpose of prejudgment interest is "to compensate a claimant for the lost use of money due as damages during the lapse of time between the accrual of the claim and the date of the judgment." *State Farm Mut. Auto. Ins. Co. v. Norris*, 216 S.W.3d 819, 821–22 (Tex. 2006). Only a judgment earns prejudgment interest. Tex. Fin. Code § 304.102. Thus, a claim for prejudgment interest is contingent upon resolution of liability in favor of the plaintiff, and a plaintiff cannot assert a claim for prejudgment interest until the plaintiff is awarded judgment. *Kahlig Enters., Inc. v. Affiliated FM Ins. Co.*, No. 23-50144, 2024 WL 1554067, at *4 (5th Cir. Apr. 10, 2024); *TMM Invs., Ltd. v. Ohio Cas. Ins. Co.*, 730 F.3d 466, 471 (5th Cir. 2013). For this reason, a plaintiff cannot maintain a claim for prejudgment interest as an independent basis for suit, or as a form of damages to support the breach of contract cause of action. *Cortinas*, 2025 WL 233589, at *6-7.

Allstate paid full RCV on Howell's and Duhon's individual insurance claims. Because Allstate fully paid these insurance claims with no dispute, Howell and Duhon are not entitled to prejudgment interest as damages. *See id*. Allstate's payment of RCV to Howell and Duhon, therefore, moots any initial ACV underpayment. *Id*.; *see also Stiers v. State Farm Ins.*, No. 3:11-

16

CV-437, 2012 WL 2405982 at *4-5 (E.D. Tenn. June 25, 2012). In addition, Howell and Duhon have no damages from Allstate's withholding of labor costs from its initial ACV payment.

Accordingly, Allstate is entitled to summary judgment on Howell's and Duhon's breach of contract cause of action. Because neither Howell nor Duhon have been awarded a final, unappealable judgment pertaining to their insurance claims, Allstate is entitled to summary judgment as a matter of law to the extent they seek monetary recovery of prejudgment interest. *See Cortinas*, 2025 WL 233589, at *6-7. Because the Court grants summary judgment on Howell's and Duhon's breach of contract causes of action, it will not address Allstate's arguments pertaining to expiration of the statute of limitations.

## II.    Purported Cause of Action for Violation of the Texas Prompt Payment of Claims Act

Allstate seeks summary judgment on any purported cause of action for violation of the Texas Prompt Payment of Claims Act (TPPCA) to the extent the Court may conclude any Plaintiff plausibly alleges such a cause of action. *ECF No. 142, pp. 19-22*. Allstate further contends Howell and Duhon never adequately asserted an action under the TPPCA to sustain a cause of action or reviving interest in this suit. Allstate contends, therefore, statutory interest under the TPPCA cannot save Howell's and Duhon's breach of contract cause of action. *Id*.

The Collective Plaintiffs contend summary judgment on the TPPCA cause of action should be denied because they properly asserted and actively litigated this cause of action in all Complaints by seeking "statutory or common law prejudgment interest on the amounts improperly withheld." Citing *Agredano v. State Farm Lloyds*, the Collective Plaintiffs argue an aggrieved policyholder is entitled to TPPCA prejudgment interest even if it is not specifically requested by the plaintiff in the complaint via citation or quote." *See Agredano v. State Farm Lloyds*, 975 F.3d 504, 505 (5th Cir. 2020).

17

An insurer liable for violation of the TPPCA must pay the amount of the claim, plus "interest on the amount of the claim ... as damages." Tex. Fin. Code § 542.060(a), (c). The TPPCA provides an independent statutory cause of action against insurers who delay paying a claim, thereby creating a distinct cause of action "with different elements and remedies than a contract claim seeking damages and prejudgment interest." *Agredano v. State Farm Lloyds*, 975 F.3d 504, 505 (5th Cir. 2020); *Cortinas*, 2025 WL 233589, at *6-7; *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018).

As in *Cortinas*, this Court concludes the Collective Plaintiffs did not plead any independent TPPCA cause of action. *See Cortinas*, 2025 WL 233589, at *6-7. As in *Cortinas*, the Collective Plaintiffs' reliance on *Agredano* is misplaced. As explained in *Cortinas*, the *Agredano* plaintiffs specifically pleaded for "18% [p]enalty [i]nterest ... [and] [a]ttorney's fees ... pursuant to Ch. 542 of the Texas Insurance Code." *See Cortinas*, 2025 WL 233589, at *6-7 (discussing *Agredano v. State Farm Lloyds*, 975 F.3d at 506). There, while "the pleading could have been more robust;" however, it was sufficient to state a cause of action under the TPPCA, as this was the only statute "entitling an insured to an 18% penalty" interest rate as damages. *Agredano v. State Farm Lloyds*, 975 F.3d at 506. Here, as in *Cortinas*, the Collective Plaintiffs make no request in any Complaint for recovery of any penalty or interest and make no request in the Prayer for Relief that could reasonably be construed as similarly presenting a claim for violation of the TPPCA. *See Cortinas*, 2025 WL 233589, at *6-8.

Because Allstate fully paid their insurance claims, and they accepted payment with no dispute, Howell and Duhon are not entitled to prejudgment interest nor the special interest-rate damages uniquely available for TPPCA causes of action. *See id*. To the extent they purport to do so, Allstate's Motion for Summary Judgment will be granted.

18

### III.    Declaratory Judgment Relief

The Collective Plaintiffs seek declaratory relief, stating, "the applicable insurance contracts prohibit the withholding of future labor costs as described herein when adjusting losses under the methodology employed herein." More specifically, "[Allstate's] withholding of future labor costs as depreciation is contrary to and breaches the insurance policies issued to [the Collective Plaintiffs] and members of the putative class." *ECF No. 92*.

Allstate contends the Court should grant summary judgment on this request and decline to exercise its discretion to determine the request for declaratory relief for several reasons: (1) the Collective Plaintiffs seek declaratory relief regarding past conduct which is resolved by the breach of contract cause of action, and therefore, the relief falls outside the purpose of the federal Declaratory Judgment Act; (2) there is no reasonable, non-speculative likelihood the Collective Plaintiffs will suffer injury in the future because they received all benefits which they may claim under the policy; (3) there is no reasonable, non-speculative likelihood the Collective Plaintiffs will suffer injury in the future, individually, because the subject Policy is expired, and Allstate revised all future policies to allow inclusion of future-labor-depreciation in its calculation of ACV; and (4) the requested declaratory relief is redundant of the breach of contract cause of action.

This Court will not decline to exercise its discretion to determine the request for declaratory relief at this time. As in *Cortinas*, the Collective Plaintiffs' breach of contract cause of action is based on dispute whether Allstate's initial ACV payments impermissibly withheld depreciation of future labor costs. In this Motion for Summary Judgment, Allstate contends it is entitled to summary judgment regardless of whether the initial ACV payments impermissibly withheld future labor costs, but because the cause of action is now moot due to Allstate's

tendered payment of the full RCV appraisal assessment. Thereby, Allstate seeks summary judgment on the breach of contract cause of action for reasons that require no resolution of the central dispute whether the Policy permits depreciation of future labor in the calculation of ACV payments, which is the precise issue upon which the Collective Plaintiffs all seek declaratory judgment. Based upon Allstate's basis for summary judgment on the breach of contract cause of action, the basis for the request for declaratory relief remains valid. *See Cortinas*, 2025 WL 233589, at *4 and n.4; *McMillian v. Safepoint Ins. Co.*, No. CV 22-1744, 2022 WL 17830465, at *1 (E.D. La. Dec. 21, 2022).

Further, even if Allstate sought summary judgment based upon interpretation of the Policy terms at issue, the Collective Plaintiffs' request for declaratory judgment would still be valid because "requests for declaratory relief generally should not be dismissed as duplicative 'when it addresses 'ongoing and future duties' under a contract.'" *Cortinas*, 2025 WL 233589, at *4, n.4 (quoting *GEL Offshore Pipeline, LLC v. Shell Pipeline Co., L.P.*, No. CV H-21-1099, 2021 WL 4976723, at *3 (S.D. Tex. Oct. 8, 2021), *report and recommendation adopted*, No. CV H-21-1099, 2021 WL 4973223 (S.D. Tex. Oct. 25, 2021)). Finally, as in *Cortinas*, the Collective Plaintiffs' class-action-certification motion is still pending. ECF No. 96. The possibility of a service award is enough for the class representatives to maintain a justiciable interest in the outcome of this class action, regardless of what becomes of their breach-of-contract claims. *Cortinas*, 2025 WL 233589, at *5; *see also Scott v. Dart*, 99 F.4th 1076, 1082–84 (7th Cir. 2024).

Should the Court exercise discretion to grant Allstate's requested summary judgment, the central disputed question would remain unresolved for the potential class members for whom there may be "ongoing and future duties" under her respective policies. *See Cortinas*, 2025 WL

233589, at *4; *GEL Offshore Pipeline, LLC*, 2021 WL 4976723, at *3, For this reason, there remains "'a need to interpret the contract language.'" *See Cortinas*, 2025 WL 233589, at *4, n. 4 (*quoting Scritchfield*, 341 F.Supp.2d at 682). In any event, the Court need not address this issue at this time; it may simply deny without prejudice Allstate's request to dismiss the Collective Plaintiffs' declaratory judgment action. *See Cortinas*, 2025 WL 233589, at *4.

For these reasons, Allstate's arguments for summary judgment on the declaratory relief are without merit or the Court simply will exercise its discretion to entertain and determine the request for declaratory relief. Consequently, Allstate's Motion for Summary Judgment on this requested declaratory relief will be denied without prejudice.

## CONCLUSION

For the reasons stated, Allstate's Motion for Summary Judgment is **GRANTED IN PART, DENIED IN PART**, and **DENIED WITHOUT PREJUDICE IN PART**.

The Court **GRANTS** Allstate's Motion for Summary Judgment on Howell's and Duhon's breach of contract causes of action.

The Court **GRANTS** Allstate's Motion for Summary Judgment to the extent the Collective Plaintiffs seek prejudgment interest and to the extent the Collective Plaintiffs purportedly assert a cause of action and seek relief for Allstate's violation of the Texas Prompt Payment of Claims Act.

The Court **DENIES WITHOUT PREJUDICE** Allstate's Motion for Summary Judgment as to its argument that the Collective Plaintiffs' Request for Declaratory Judgment is improperly duplicative of their breach of contract cause of action.

The Court **DENIES** Allstate's Motion for Summary Judgment on the Comeaus' breach of contract cause of action.

In all other respects, Allstate's Motion for Summary Judgment is **DENIED**.

The Collective Plaintiffs' internal request to strike summary judgment evidence is **DENIED AS MOOT**.

It is so ORDERED.
SIGNED this 2nd day of September, 2025.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE