UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAMES SIMS, TERRIE SIMS, NEAL
COMEAU, LILIANA COMEAU, JE-
NIFER SIDDAL, JON HOWELL,
TERRY DUHON, INDIVIDUALLY
AND ON BEHALF OF OTHER'S SIM-
ILARLY SITUATED;

    *Plaintiffs*,

                                   **Case No.  SA-22-CV-00580-JKP**

**v.**

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY, ALLSTATE
VEHICLE AND PROPERTY INSUR-
ANCE COMPANY, ALLSTATE IN-
DEMNITY COMPANY,

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Allstate Fire and Casualty Insurance Company's (Allstate) Motion for Summary Judgment on the causes of action asserted by Plaintiffs James Sims and Terrie Sims. *ECF No. 140*. The Sims Plaintiffs responded, and within the Response, sought to strike Allstate's summary judgment evidence of Declarations by Edith Chau and Matthew Camarco. *ECF No. 161*. Upon consideration, the Court concludes Allstate's Motion for Summary Judgment is **DENIED**. The Court dismisses the Sims' Motion to Strike the declarations as moot.

## UNDISPUTED FACTUAL BACKGROUND

Plaintiffs Terrie Sims and James Sims purchased a homeowner's insurance policy from Allstate, and subsequently, incurred damage to their home and submitted a claim for coverage. The parties do not dispute the damage to the Sims' property is covered under their insurance policy (the Policy). The dispute arises in how Allstate calculates the initial payment to the Sims for the covered loss.

The parties do not dispute the Policy is a replacement cost value (RCV) insurance policy, under which there is a two-step process for recovery of loss payments. First, Allstate pays an insured the actual cash value (ACV) of the insured loss when it is damaged or destroyed. Second, if the insured chooses to complete repairs or replacement of the subject property, they may then seek reimbursement for the actual cost of repairs under the replacement-cost-value provisions of the Policy. Thus, the Policy does not require payment of the RCV unless repairs are completed within 365 days from the date of loss and the insured submits an insurance claim for reimbursement of the additional, actual costs of repair. Until repairs are complete, Allstate owes only the ACV. The Sims have not completed any repairs to their damaged property.

The parties do not dispute the Policy provides the ACV payment may include a deduction for depreciation, and the Policy does not provide a specific definition of ACV or depreciation. In the Sims' loss, Allstate calculated their initial ACV payment by estimating the cost to repair or replace the damage with new building materials and then subtracted depreciation for both the cost of materials and the cost of future labor.

The Sims allege Allstate incorrectly calculated the initial ACV payment by deducting depreciation for the anticipated labor cost. The Sims contend the Policy language is ambiguous, by

omission, by failing to define ACV specifically to disclose Allstate's practice of calculating the ACV payment by deducting depreciation of anticipated labor costs.

Allstate contends the Sims' theory that Allstate breached the Policy by depreciating labor when calculating ACV of damaged insured property is based on the Sims' unreasonable interpretation of the Policy terms. Allstate contends the Sims' interpretation allows insureds to receive the full amount estimated for all labor costs for repairing property before the insureds have incurred that cost and even if they decide to not repair the damaged property. This conflicts with the policy language, Texas case law, and the ordinary dictionary meaning of the terms actual cash value and depreciation. Instead, the Policy is a replacement cost insurance policy which allows an insured to receive the ACV of their insured property when it is damaged or destroyed by a covered loss. If the insured makes the repairs or replacements, they will receive reimbursement up to the policy limits for the full amount of costs expended in making the repairs or replacements, less the ACV amount they already received. Thus, Allstate contends its practice of calculating the ACV payment is in accordance with the Policy's plain terms, and therefore, is not ambiguous.

The Sims brought this action asserting a cause of action for breach of contract and seek declaratory relief stating their insurance contract prohibits the withholding depreciation of future labor costs when calculating actual cash value (ACV) of the loss. *ECF No. 92, pp. 24-25*.

Allstate moved to dismiss the Complaint for failure to state a claim arguing the policy language governing ACV payments unambiguously permitted withholding depreciation of future labor costs. *ECF No. 90*. This Court denied the Motion to Dismiss following the Fifth Circuit's decision in *Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700, 706 (5th Cir. 2020). *ECF No. 106*. In denying the Motion to Dismiss, this Court found, as with the policies at issue in *Mitchell*,

the insurance policies in this case are ambiguous on this point, and following *Mitchell*, the ambiguity must be resolved in the Sims' favor to find they stated plausible causes of action for breach of contract and declaratory relief. *Id.* Subsequently, this Court administratively closed this case as it proceeded through the process for appraisal of the Sims' insurance claims.

On July 22, 2024, the appraisal panel issued its assessment decision on the Sims' insurance claim, reflecting $30,696.94 RCV and $26,945.18 ACV. The appraisal panel did not appraise the gutters on the Sims' home because the parties had no dispute other than the issue of labor depreciation in calculating ACV.

The Appraisal Assessment states:

"With the exception to the appraisal clause, the Appraisal Panel did not Interpret any policy terms, conditions, coverages, or exclusions in determining the amount of loss." *ECF No. 100-1*; *ECF No. 140-1, exh. 1.12, p. 372*;

"**THE BELOW SET OF VALUES REPRESENTS THE AWARD WITH NO DEPRECIATION APPLIED TO LABOR OR REMOVAL OF ITEMS. DEPRECIATION IN THE BELOW SET OF VALUES IS REFLECTED ON MATERIAL ONLY.**" *ECF No. 100-1; ECF No. 140-1, exh. 1.12, p. 372*.

"This appraisal panel DID NOT DETERMINE COVERAGES as per the policy language." *ECF No. 100-2, p.1; ECF No. 140-1, exh. 1.13, p. 373*.

The clarifying email states:

"[W]e did not reference or attempt to interpret the policy in any way when it comes to any aspect of this loss [including] for the application of depreciation as it relates to labor." *ECF No. 102-2, 7-22-24 3:02 PM Umpire email (the Sims' Response to ECF No. 100)*.

On April 2, 2025, the appraisal panel issued a supplemental assessment pertaining to the gutters only. *ECF No. 140-1, exh. 1-14, p. 381*. The supplemental assessment provided an RCV of $633.85 and two different ACV valuations: one with labor depreciation ($527.69) and one without ($576.68). *Id*.

4

Following the appraisal assessments, on April 3, 2025, Allstate submitted to the Sims the combined ACV loss amount determined by the appraisers for the dwelling and the gutters: $27,521.86, less deductible (-$2,266.00) and prior payment (-$12,294.85). On April 4, 2025, Allstate issued two checks to the Sims through their counsel, one check totaling $12,961.01 (Net ACV assessed amount) and a second check totaling $8,020.31 for payment of any possible statutory interest. The Sims contend they did not and have not accepted these attempted payments of the ACV appraisal assessments and interest payments to protect the interests of the proposed class.

With the appraisal process complete, Allstate now seeks summary judgment on the breach of contract cause of action and the request for declaratory judgment.

## LEGAL STANDARD

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez,* 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014). To be entitled to summary judgment on its own cause of action, a plaintiff must show there is no genuine dispute of material fact and establish each element of its cause of action as a matter of law. *Fontenot v. Upjohn Co*., 780 F.2d 1190, 1194 (5th Cir. 1986).

A court may not grant summary judgment by default should the nonmovant fail to respond. *Bradley v. Chevron U.S.A., Inc.,* No. Civ.A. 204CV092J, 2004 WL 2847463, *1 (N.D.Tex. Dec. 10, 2004) (*citing Eversley v. MBank of Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985)). In this event, the Court must review the summary judgment motion to determine whether

the movant satisfied its summary judgment burden and thereby shifted the burden. *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)(citations omitted).

**DISCUSSION**

7

This case closely follows and aligns with the underlying facts, procedure, issues, and arguments presented, as well as the central question in another case in this San Antonio Division, *Cortinas v. Liberty Mut. Pers. Ins. Co.*, No. SA-22-CV-544-OLG (HJB). As in *Cortinas*, the primary dispute in this case "is a question of contract interpretation: whether the cost of future labor may be depreciated . . . when calculating the ACV of covered losses." *Cortinas v. Liberty Mut. Pers. Ins. Co.*, No. SA-22-CV-544, 2025 WL 233589, at *3 (W.D. Tex. Jan. 13, 2025), report and recommendation adopted, 2025 WL 1062093 (W.D. Tex. Apr. 8, 2025).

In this Motion for Summary Judgment, as did the Defendants in *Cortinas*, Allstate seeks summary judgment absent answer to this primary dispute, arguing it is entitled to summary judgment on the Sims' breach of contract cause of action because Allstate paid full ACV to the Sims (without any future-labor depreciation), mooting any factual basis to assert this cause of action. Allstate further argues summary judgment on the breach of contract cause of action nullifies the Sims' request for declaratory relief because the request is duplicative of the breach of contract cause of action.

## A.  Motion to Strike Declarations

Within their Response to the Motion for Summary Judgment, the Sims request this Court strike the Declarations of Edith Chau and Matthew Camarco because Allstate did not disclose either witness and the declarations cite unidentified documents that Allstate did not produce.

First, this request is denied because the Camarco Declaration attached as exhibits some documents that the Sims are familiar with, that form the basis of this suit, and that the Sims attached to its own filings previously. Specifically, the Camarco Declaration refers to and attaches the appraisal panel's "Appraisal Award." *ECF No. 140-1, p. 372*. Because the "Appraisal Award" is undisputed and necessary for determination of this Motion for Summary Judgment and is known

to the Sims, this Court will not strike it. To the extent the Court refers to this "Appraisal Award" herein, the Court notes it is also attached as an exhibit to the Sims' Response to Allstate's Motion to Expedite and Opposed Motion for a Conference Concerning Completion of the Sims' Appraisal Process and Ongoing Interference with the Appraisal Panel. *See ECF Nos. 100, 102.* Therefore, any reference to this document is not prejudicial to the Sims, nor is additional discovery required. For ease of reference, the Court will cite only to the "Appraisal Award" attached to the Motion for Summary Judgment.

Other than the "Appraisal Award," this request to strike the Declarations is denied as moot because the Court did not rely upon nor review these Declarations in determination of the Motion for Summary Judgment, nor did the Court review any other documents attached to the Declarations.

### B. Breach of Contract Cause of Action

Allstate states the Sims do not dispute that its submittal of payment of the appraisal-assessed ACV constitutes payment in full. *ECF No. 140, pp. 13-14.* Because it submitted, and the Sims accepted, this full payment for the appraisal-assessed ACV amount, without deduction of depreciation for labor costs, Allstate contends its liability for the breach of contract cause of action was extinguished. *Id.* Allstate contends this payment plus all possible statutory interest is not comparable to an offer of settlement because the appraisal award was binding under the Policy terms, and therefore, the Sims were required to accept Allstate's payment of whatever ACV the appraisal panel assessed. *Id. at p. 15.*

However, the Sims contend they did not and have not accepted Allstate's attempted payments of the appraisal award and possible interest. *ECF No. 161, pp. 7-10.* The Sims contend the appraisal panel assessed only a value for the applicable RCV and ACV amounts under these

facts, but did not resolve the legal issue whether the Sims were entitled to these amounts and explicitly did not determine whether Allstate acted pursuant to the Policy terms. The Sims contend the appraisal panel made clear it "intended, agreed, and understood that it would not decide the seminal labor depreciation policy interpretation dispute." Absent final resolution of this legal issue, the appraisal panel lacked authority to calculate ACV with finality. For this reason, the Sims contend the appraisal panel's assessments were not binding, and they were not required to accept Allstate's attempt to pay the full ACV appraisal assessment. For this reason, the Sims contend Allstate's presentment of the full ACV assessment was a settlement offer, which they rejected. *Id*.

First, the parties' arguments and the undisputed facts make clear a genuine dispute does exist whether the Sims accepted Allstate's payment of the appraisal assessment. This genuine dispute dispels Allstate's first argument supporting summary judgment, that the Sims "do not dispute that its submittal of payment of the full, face-value replacement cost for their loss constitutes payment in full." Consequently, this argument fails.

The Court presumes Allstate rests upon this inaccurate foundation for summary judgment to align this case with a previous decision by this Court in a similar case, *Yount v. Travelers Pers. Ins. Co.*, No. SA-23-CV-00150, 2024 WL 131380, at *1 (W.D. Tex. Jan. 11, 2024). In *Yount*, as here, the Plaintiff parties stated they rejected the Insurer's presentment of the full RCV assessed in the appraisal award, yet the Plaintiff parties also admitted the Insurer's mailing of the unaccepted check mooted their individual breach of contract cause of action under Texas state law. *Id*. at *1. Also, in *Yount*, the Plaintiff parties did not challenge or seek "to overturn[ ] the appraisal award." The Plaintiff parties also did not directly respond to the Insurer's grounds for summary judgment. *Id*. at *2-3. Therefore, constrained by the Plaintiff parties' admission, the

arguments presented, and the lack of response to specific arguments in support of summary judgment, this Court was required to find the appraisal award was binding under those circumstances. *Id*. *7–8. This Court's holding in *Yount* was limited to the facts, admissions, and arguments presented therein, and Allstate's reliance on *Yount* is, accordingly, inapposite.

Here, by contrast, the Sims do not make the dispositive admission, as did the *Yount* Plaintiffs, that the Insurer's mailing of the unaccepted check mooted their individual breach of contract cause of action under Texas state law. Instead, the Sims present ample argument they rejected Allstate's presentment of payment for the full ACV assessed by the appraisal panel, and thus, this presentment did not nullify their breach of contract cause of action. The Sims also sought to overturn the appraisal award and present sufficient argument that the appraisal award was not binding. Therefore, the Sims contend Allstate's presentment of the full ACV assessed value constituted only a settlement offer. *See ECF No. 161, pp. 9-11*.

Based upon these arguments, the Court must determine whether Allstate's unaccepted presentment of the full ACV appraisal assessment was binding upon the Sims, or whether the presentment may be disregarded as a settlement offer.

"'[A]n otherwise binding appraisal may be disregarded ... when the award was made without authority.'" *MLCSV10 v. Stateside Enters., Inc.*, 866 F.Supp.2d 691, 698 (S.D. Tex. 2012)) (quoting *Lundstrom v. United Servs. Auto. Ass'n-CIC*, 192 S.W.3d 78, 87 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)); *Cortinas*, 2025 WL 233589, at *9-10. An appraisal panel does not have authority to determine parties' rights under an insurance policy or to determine the meaning of policy terms. Therefore, an appraisal assessment does not foreclose the right of a party to seek a judicial determination of their rights and obligations under an insurance policy. *Amtrust Ins. Co. of Kan., Inc. v. Starship League, City, LP*, 2012 WL 2996489, at *4

(E.D. Tex. June 4, 2012), aff'd, 2012 WL 2996489 (E.D. Tex. Jul. 23, 2012). Accordingly, coverage disputes must still be resolved after an appraisal award unless the parties agree to a judgment or settlement. *HWY 67 Dealership JV v. Depositors Ins. Co.*, No. 3:22-CV-00784, 2024 WL 3759752, at *19 (N.D. Tex. June 17, 2024), report and recommendation adopted, 2024 WL 3493790 (N.D. Tex. July 22, 2024); *Sec. Nat'l Ins. Co. v. Waloon Inv., Inc.*, 384 S.W.3d 901, 905 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

Review of the appraisal assessment reveals the members of the appraisal panel were in unanimous agreement they "were not authorized to decide the issue of labor depreciation or resolve any other legal questions or policy ambiguities." *ECF No. 140-1, p. 372*. With this admission and the accompanying disclaimers quoted above, the appraisal panel admittedly lacked authority to resolve the parties' legal dispute and expressly did not decide any issue related the central dispute. *See Cortinas*, 2025 WL 233589, at *9-10; *MLCSV10, Inc.*, 866 F.Supp.2d at 698; *Lundstrom*, 192 S.W.3d at 87. In addition, in a previous filing related to the appraisal process, Allstate admitted the appraisal panel assessment did not decide any issue related the central dispute, stating, "[t]his appraisal award estimate does not address or decide the dispute over the labor depreciation issue, and we have not independently valued the category or damage. Instead, we have simply duplicated the carrier's valuation for later determination by the court." *ECF No. 100-2, p.7* (Allstate's Motion to Expedite and Opposed Motion for a Conference Concerning Completion of Siddall's Appraisal Process and Ongoing Interference with the Appraisal Panel); *ECF No. 141-1, Ex. 1.13, at p. 379* (Allstate's Motion for Summary Judgment).

Consequently, because the appraisal panel admittedly lacked authority to resolve the parties' legal dispute, but assessed an ACV value for efficiency upon the Court's determination of

the legal dispute, Allstate's attempt to pay the ACV appraisal assessment was not binding upon the Sims as a matter of law. *See Cortinas*, 2025 WL 233589, at \*10, and n.11.

For these reasons, Allstate's arguments supporting summary judgment on the breach of contract cause of action are without merit, and summary judgment will be denied.

### C. Declaratory Judgment Relief and Class Representation

The Sims seek declaratory relief, stating, "the applicable insurance contracts prohibit the withholding of future labor costs as described herein when adjusting losses under the methodology employed herein." More specifically, that Allstate's "withholding of future labor costs as depreciation is contrary to and breaches the insurance policies issued to [the Sims] and members of the putative class." *ECF No. 92*.

Allstate contends the Court should decline to exercise its discretion to determine the request for declaratory relief for several reasons: (1) the Sims seek declaratory relief regarding past conduct which is resolved by the breach of contract cause of action, and therefore, the relief falls outside the purpose of the federal Declaratory Judgment Act; (2) there is no reasonable, non-speculative likelihood the Sims will suffer injury in the future because they received all benefits which they may claim under the policy; (3) the requested declaratory relief is redundant of the breach of contract cause of action; (4) the Sims' "inadequacy as proposed class representatives should be considered by this Court in exercising its discretion to adjudicate their dispute . . . including any request for declaratory or injunctive relief, prior to deciding Plaintiffs' now-pending Opposed Motion for Class Certification." *ECF No. 140, pp. 20-25*.

This Court will not decline to exercise its discretion to determine the request for declaratory relief at this time. As in *Cortinas*, the Sims' breach of contract cause of action is based on

dispute whether Allstate's initial ACV payments impermissibly withheld depreciation of future labor costs. In this Motion for Summary Judgment, Allstate contends it is entitled to summary judgment regardless whether the initial ACV payments impermissibly withheld future labor costs, but because the cause of action is now moot due to Allstate's tendered payment of the full ACV appraisal assessment. Thereby, Allstate seeks summary judgment on the breach of contract cause of action for reasons that require no resolution of the central dispute whether the Policy permits depreciation of future labor in the calculation of ACV payments, which is the precise issue upon which the Sims seek declaratory judgment. Based upon Allstate's basis for summary judgment on the breach of contract cause of action, the basis for the request for declaratory relief remains valid. *See Cortinas*, 2025 WL 233589, at *4 and n.4; *McMillian v. Safepoint Ins. Co.*, No. CV 22-1744, 2022 WL 17830465, at *1 (E.D. La. Dec. 21, 2022).

Further, even if Allstate sought summary judgment based upon interpretation of the Policy terms at issue, the Sims' request for declaratory judgment would still be valid because "requests for declaratory relief generally should not be dismissed as duplicative 'when it addresses 'ongoing and future duties' under a contract.'" *Cortinas*, 2025 WL 233589, at *4, n.4 (quoting *GEL Offshore Pipeline, LLC v. Shell Pipeline Co., L.P.*, No. CV H-21-1099, 2021 WL 4976723, at *3 (S.D. Tex. Oct. 8, 2021), *report and recommendation adopted*, No. CV H-21-1099, 2021 WL 4973223 (S.D. Tex. Oct. 25, 2021)). "Nor is dismissal appropriate when there 'is a need to interpret the contract language because of possible future events.'" *Cortinas*, 2025 WL 233589, at *4, n. 4 (quoting *Scritchfield v. Mut. of Omaha Ins. Co.*, 341 F.Supp.2d 675, 682 (E.D. Tex. 2004)).

Should the Court exercise discretion to grant Allstate's requested summary judgment, the central disputed question would remain unresolved for the potential class members for whom

14

there may be "ongoing and future duties" under their respective policies. *See Cortinas*, 2025 WL 233589, at \*4; *GEL Offshore Pipeline, LLC*, 2021 WL 4976723, at \*3, For this reason, there remains "'a need to interpret the contract language.'" *See Cortinas*, 2025 WL 233589, at \*4, n. 4 *(quoting Scritchfield*, 341 F.Supp.2d at 682). In any event, the Court need not address this issue at this time; it may simply deny without prejudice Allstate's request to dismiss the Sims declaratory judgment action as duplicative of their contract claims. *See Cortinas*, 2025 WL 233589, at \*4.

Finally, based upon the Court's findings, and because the Sims' breach of contract action is not moot, the Court will not, as suggested by Allstate consider within this Motion for Summary Judgment, the Sims' "inadequacy as proposed class representatives . . . in exercising its discretion to adjudicate their dispute . . . including any request for declaratory or injunctive relief, prior to deciding [the Sims'] now-pending Opposed Motion for Class Certification."

For these reasons, Allstate's arguments for summary judgment on the declaratory relief are without merit, and its Motion for Summary Judgment on this requested relief will be denied without prejudice.

### D. Service Awards, Attorney Fees, and Prejudgment Interest

Finally, Allstate states, "to be clear, [it] challenges neither the Sims standing nor this Court's jurisdiction as part of [its] motion for summary judgment." Instead, Allstate contends this Motion for Summary Judgment

> expressly asks this Court to exercise its jurisdiction over the Sims' asserted contract injury and enter summary judgment in [Allstate's] favor on all causes of action that arise out of or relate to that injury. This alone should be sufficient to dispel any argument that summary judgment should be denied due to the Sims' possible eligibility for a service award under whatever future, hypothetical Rule 23(e) class action stipulation of settlement agreement is imagined by their counsel. . . . Nevertheless, in an abundance of caution due to the recently issued opinion in *Cortinas v. Liberty Mutual Personal Insurance Co.*, [Allstate] alternatively argues

15

that if the Court did analyze this motion as challenging the Sims' standing to con-
tinue as class representatives with regard to their request for declaratory relief,
then a purportedly contingent interest in imaginary 'service awards' afforded
someday under a hypothetical Rule 23(e) class settlement does not satisfy Article
III.

*ECF No. 140, pp. 24-25.*

The Court will not address this argument because the Court did not analyze this Motion
as challenging the Sims' standing to continue as class representatives with regard to their request
for declaratory relief.

### CONCLUSION

For the reasons stated, Allstate's Motion for Summary Judgment is **DENIED**. The Sims
internal request to strike summary judgment evidence is **DENIED AS MOOT**.


It is so ORDERED.
SIGNED this 2nd day of September, 2025.


JASON  PULLIAM
UNITED STATES DISTRICT JUDGE