**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

JAMES SIMS, TERRIE SIMS, NEAL
COMEAU, LILIANA COMEAU, JE-
NIFER SIDDAL, JON HOWELL,
TERRY DUHON, INDIVIDUALLY
AND ON BEHALF OF OTHER'S SIM-
ILARLY SITUATED;

   *Plaintiffs*,

**v.**

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY, ALLSTATE
VEHICLE AND PROPERTY INSUR-
ANCE COMPANY, ALLSTATE IN-
DEMNITY COMPANY,

   *Defendants*.

Case No.  **SA-22-CV-00580-JKP**

**O R D E R**

Before the Court is Defendants' (Allstate) Objections to the Report and Recommendation

addressing Plaintiffs' Motion for Class Certification and Plaintiffs' Response to the Objections.

*ECF No. 201, 206*; *see also ECF Nos. 138,147, 196*. Upon consideration, the Court adopts the

Report and Recommendation in its entirety. Accordingly, the Court **CERTIFIES** the following

class:

> All Allstate Fire, Allstate Vehicle, and Allstate Indemnity personal lines policy-
> holders (or their lawful assignees) who (1) made a structural damage claim for
> property located in Texas, (2) for which Allstate accepted coverage and calculated
> ACV pursuant to the replacement cost less depreciation methodology, and (3)
> which resulted in an ACV payment during the class period from which "non-
> material depreciation" was withheld from the policyholder; or which would have
> resulted in an ACV payment but for the withholding of non-material depreciation
> causing the loss to drop below the applicable deductible, (4) where non-material
> depreciation is defined as "the application of 'depreciate removal,' 'depreciate
> non-material' and/or 'depreciate O&P' option settings with Xactimate® soft-

ware,"—excluding any depreciation, however, attributed to market conditions for those claimants who received no ACV payment.

## Standard of Review

A party who timely files specific, written objections to a magistrate judge's Report and Recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Any portions of the Magistrate Judge's findings or recommendations that were not objected to are reviewed for clear error. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and must state the basis for such objections. *Mayberry v. Davis,* 608 F.2d 1070, 1072 (5th Cir. 1979). "Frivolous, conclusive or general objections need not be considered by the district court." *Id*.; *Williams v. Lakeview Loan Servicing LLC*, 694 F.Supp.3d 874, 881 (S.D. Tex. 2023). A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. *Mayberry,* 608 F.2d at 1072; *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Similarly, an objection that does nothing more than state a disagreement with the Magistrate Judge's recommendation is not sufficient to present grounds for review. *Id*.; *Talbert v. Lynch*, No. 16-CV-00018, 2017 WL 11236935, at *4–5 (W.D. Tex. Feb. 17, 2017).

## Discussion

### 1. Challenge to Article III Standing

Allstate begins by challenging Plaintiffs' Article III standing to bring suit, stating, "[t]he R&R fails to address that Plaintiffs and most of the Class lack standing." Specifically, Allstate

contends the "interest-only Plaintiffs and at least 50% of the . . . proposed class cannot show injury-in-fact, and therefore, lack standing under Article III." Allstate also contends the "appraisal plaintiffs cannot show harm and have no redressable injury." Allstate raised these arguments previously as basis for summary judgment. *See ECF Nos. 180-182*. However, Allstate now presents these arguments as jurisdictional challenges, raised for the first time in this Objection to the Report and Recommendation. Because these arguments present challenges to the Court's jurisdiction, the Court will address them.

### A.  Interest-Only Plaintiffs

In the interest of addressing all challenges to this Court's jurisdiction, the Court construes Allstate's argument broadly to contend this Court lacks jurisdiction because Allstate tendered payment to the named "Interest-Only Plaintiffs" for the full amount to which they are entitled for their losses under the terms of their respective insurance policies. Due to this tender of full payment, Allstate contends no plaintiff suffered any harm as a result of any alleged wrongful pre-appraisal adjustment of their insurance claims. Allstate contends the Magistrate Judge erred by recommending and designating class certification while assuming the "Interest-Only Plaintiffs" had standing to bring suit.

Article III of the United States Constitution limits federal-court jurisdiction to actual cases and controversies and requires that parties demonstrate they have a legally cognizable interest or personal stake in the outcome of the case. U.S. Const. art. III, § 2, cl. 1; *Genesis Healthcare Corp. v. Symczyk,* 569 U.S. 66, 71 (2013). A plaintiff's standing to bring suit pertains to the issue whether "the plaintiff is entitled to have the court decide the merits of the dispute or of particular issues." *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 869,874 (5th Cir. 2000)(citing *Cook v. Reno*, 74 F.3d 97, 98–99 (5th Cir. 1996))). Thus "[s]tanding is a jurisdictional requirement that

focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated." *Pederson*, 213 F.3d at 869; *see also Doe 1 v. Baylor Univ.*, Civil Action No. 6:16-CV-173-RP, 2020 WL 1557742, at *2 (W.D. Tex. Apr. 1, 2020).

Plaintiffs have Article III standing to sue if: (i) they suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) the injury was likely caused by the defendant; and (iii) the injury would likely be redressed by judicial relief. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021); *Payne v. Progressive Fin. Services, Inc.*, 748 F.3d 605, 607 (5th Cir. 2014). A live controversy must exist at every stage of the litigation. *Genesis Healthcare Corp.*, 569 U.S. at 71; *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 831 (5th Cir. 2023). If an intervening circumstance at any point during litigation deprives a plaintiff of a personal stake in the outcome of the action or makes it impossible for the court to grant any effectual relief, the case must be dismissed as moot. *Id*. "Mootness is 'the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).' Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006)(quoting *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397 (1980)).

As long as the parties have a concrete interest, however small, in the outcome of the litigation, the party does not lose standing. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (citing *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)); *see also Glasner v. Am. Econ. Ins. Co.*, No. 21-CV-11047, 2026 WL 395006, at *7 (D. Mass. Feb. 12, 2026). Any deprivation of money owed under a contract constitutes a concrete injury sufficient to satisfy standing under Article III. *Id*. Thus, subsequent events, such as, payment of replacement cost value (RCV) of an

4

insured loss, appraisal awards, or settlement offers, cannot retroactively eliminate the initial injury. *See Cortinas v. Liberty Mut. Pers. Ins. Co.*, No. SA-22-CV-544, 2025 WL 233589, at *4-5 (W.D. Tex. Jan. 13, 2025), report and recommendation adopted, 2025 WL 1062093 (Apr. 8, 2025).

In *Cortinas*, the Court discussed the class-representative plaintiffs' Article III standing within the context of the defendant's motion for summary judgment. In that context, the Court thoroughly discussed the issue whether "a tender of full RCV payment to the named Plaintiffs would deprive them of [Article III] standing to continue as class representatives, thereby mooting the class action. *Id*. at *4.[1] The Court held "the Fifth Circuit has 'expressed concern for defendant-induced mootness in the class action context where defendants may attempt to 'pick off' individual plaintiffs before class certification '[b]y tendering to the named plaintiffs the full amount of their personal claims each time suit is brought as a class action.'" *Id*. (quoting *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 315 (5th Cir. 2015) and *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1050 (5th Cir. Unit A July 1981)).

Similarly, under these facts, the alleged breach of contract occurred when Allstate calculated and submitted initial ACV payments to the insured plaintiffs after depreciating and deducting from this payout what the parties term as "non-material labor" or "non-material depreciation." This depreciation resulted in immediate economic harm to the insureds. As in *Cortinas*, Plaintiffs maintain Article III standing, still, because they have an ongoing financial interest in

---

[1] This Court recognizes the confusion caused by use of the term "standing" in different contexts in cases brought as potential class actions. In such cases, the plaintiff must possess "standing" under Article III to assert a cause of action based on their own alleged injuries (jurisdictional standing). The same plaintiff must suffer the same injury as potential class members to have "standing" pursuant to Federal Rule 23 to maintain a class-action and act as the class representative. *See Williams v. Steward Health Care Sys., LLC*, No. 5:20CV123, 2021 WL 7629734, at *42 (E.D. Tex. Dec. 16, 2021), report and recommendation adopted, 2022 WL 575939 (E.D. Tex. Feb. 25, 2022) (citing *Bernard v. Gulf Oil Corp.*, 841 F.2d 547, 550 (5th Cir. 1998), and quoting *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216 (1974)). This Court addresses Allstate's challenge to Plaintiffs' Article III standing here. Later, in Section 2, the Court addresses Allstate's objections to the Report and Recommendation pertaining to Plaintiffs' standing to act as class representatives pursuant to Federal Rule 23.

seeking service awards for their roles as class representatives. *Cortinas*, 2025 WL 233589, at \*5. The possibility of a service award is enough for the class representatives to maintain a justiciable interest in the outcome of this class action, regardless of what becomes of their breach-of-contract causes of action. *Id.; see also Glasner v. Am. Econ. Ins. Co.*, 2026 WL 395006, at \*7; *Scott v. Dart*, 99 F.4th 1076, 1082–84 (7th Cir. 2024).

Thus, Allstate's argument that the "Interest-Only Plaintiffs" lack Article III standing is without merit. *See Cortinas*, 2025 WL 233589, at \*3-5. This Court maintains jurisdiction to adjudicate this matter as it pertains to the "Interest-Only" Plaintiffs.

### B. Appraisal Plaintiffs

Allstate also contends the Plaintiffs who underwent appraisal ("Appraisal Plaintiffs") lack Article III standing because Allstate later issued appraisal-based settlement offers. Allstate contends its tender of full payment of the appraised RCV amounts, plus a windfall, "extinguished each Appraisal Plaintiff's breach-of-contract claim."

This argument is simply a reframing of an argument Allstate presented for summary judgment. In its Motion for Summary Judgment, Allstate argued that because it submitted full payment for the appraisal-assessed ACV amount, its liability for the breach of contract cause of action was extinguished. *See ECF No. 181., p. 9*. Allstate argued that this tender of full payment was not comparable to an offer of settlement because the appraisal award was binding under the Policy terms, and therefore, the Appraisal Plaintiffs were required to accept Allstate's payment of whatever ACV the appraisal panel assessed. *Id*.

This Court denied Allstate's Motion for Summary Judgment on this basis, finding the parties' arguments and the undisputed facts presented a clear genuine dispute of material fact whether the Appraisal Plaintiffs accepted Allstate's payment of the appraisal assessment. *ECF*

*No. 181, pp. 9-13*, citing *Cortinas*, 2025 WL 233589, at \*10, and n.11. This Court determined Allstate's tender of the full ACV appraisal assessment was not binding upon the Appraisal Plaintiffs as a matter of law because the appraisal panel admittedly lacked authority to resolve the parties' legal dispute. *Id*. Instead, the appraisal panel assessed an ACV value for efficiency upon the Court's determination of the legal dispute. *Id.* These findings and this holding still controls even though Allstate now reframes the same argument as affecting these "Appraisal Plaintiffs'" standing, rather than "extinguishing" the breach of contract cause of action. Thus, the same reasons this Court denied Allstate's Motion for Summary Judgment also apply here in this context.

As with the "Interest-Only Plaintiffs," Article III standing existed when these Appraisal Plaintiffs filed suit because they had already been underpaid through ACV payments that deducted non-material depreciation. Subsequent appraisal proceedings do not retroactively eliminate that injury. The dispositive legal question whether Allstate's withholding of non-material depreciation from ACV payments violates the policy remains unresolved, even following appraisal, and continues to present a live controversy. *See Cortinas*, 2025 WL 233589, at \*10, n.11. Because appraisal did not resolve the liability question, redressability remains intact. Thus, Allstate's tender of the full appraisal award is not a jurisdictional bar, and this Court maintains jurisdiction to adjudicate this matter as it pertains to the "Appraisal Plaintiffs." *See id*.

### 2.  Objections to Recommendation for Class Certification

Allstate presents other objections to Magistrate Judge Bemporad's Report and Recommendation: (1) Allstate objects "to the ultimate recommendation that a class be certified under Rule 23"; (2) Allstate objects to the conclusion that the Interest-Only Plaintiffs' claims are typical because these Plaintiffs' have no injury due to Allstate's alleged depreciation of anticipated labor

cost, and these Plaintiffs have uniquely applicable defenses not shared by other class members; (3) Allstate objects to the conclusion that the Appraisal Plaintiffs meet the "adequacy" requirement because these Plaintiffs willingly engaged in an appraisal process to resolve any alleged underpayment, and otherwise refused to resolve their individual ACV disputes consistent with the liability/damages model they now propose on behalf of the class; (4) Allstate also objects to the conclusion that the Appraisal Plaintiffs' claims are typical because each fully resolved their claim dispute through appraisal, and therefore, there is no similar legal and remedial theories shared with the proposed class; (5) Allstate objects to the conclusion that questions of law or fact common to members of the class predominate over questions affecting only individual members for several reasons; (6) Allstate objects to the conclusion that a class action is superior and manageable through class action. *ECF No. 201, pp. 3-5, 10-29*.

Allstate's objections do not identify any specific legal or factual error committed by Magistrate Judge Bemporad in the Report & Recommendation's analysis. Instead, Allstate re-asserts arguments already considered and rejected by this Court and simply re-asserts the same general arguments presented in its opposition to class certification. For these reasons, these arguments fail. *See Mayberry,* 608 F.2d at 1072; *Battle*, 834 F.2d at 421; *Williams*, 694 F.Supp.3d at 881; *Talbert*, 2017 WL 11236935, at *4–5. Nevertheless, in the interest of caution, the Court reviewed the Report & Recommendation *de novo*.

Upon *de novo* review, the Court finds Magistrate Judge Bemporad carefully analyzed each requirement for class certification under Federal Rule 23. Magistrate Judge Bemporad addresses each certification requirement in detail and explains why Plaintiffs' claim present common legal and factual questions suitable for class treatment. The Court finds no error in Magistrate Judge Bemporad's legal conclusions or factual findings. The Court finds Magistrate Judge

Bemporad correctly concluded the proposed class certification as modified is appropriate.

### Conclusion

The Court reviewed the entirety of the Report & Recommendation *de novo* and finds it is in all things correct and should be accepted. Accordingly, the Court **ADOPTS** Magistrate Judge Bemporad's Report & Recommendation (*ECF No. 196*) and, for the reasons set forth therein, **GRANTS IN PART** Plaintiff's Motion for Class Certification. The Court **CERTIFIES** the following class:

> All Allstate Fire, Allstate Vehicle, and Allstate Indemnity personal lines policyholders (or their lawful assignees) who (1) made a structural damage claim for property located in Texas, (2) for which Allstate accepted coverage and calculated ACV pursuant to the replacement cost less depreciation methodology, and (3) which resulted in an ACV payment during the class period from which "non-material depreciation" was withheld from the policyholder; or which would have resulted in an ACV payment but for the withholding of non-material depreciation causing the loss to drop below the applicable deductible, (4) where non-material depreciation is defined as "the application of 'depreciate removal,' 'depreciate non-material' and/or 'depreciate O&P' option settings with Xactimate® software,"—excluding any depreciation, however, attributed to market conditions for those claimants who received no ACV payment.

It is so ORDERED.
SIGNED this 25th day of March, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE